IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| LISA BRUNSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. |
| v. ) | |
| ) | |
| CAPITOL CMG, INC., DAVID C COOK ) | |
| d/b/a INTEGRITY MUSIC, and OSINACHI ) | |
| KALU OKORO EGBU, ) | JURY TRIAL DEMAND |
| ) | |
| Defendants. ) | |
| ) | |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiff LISA BRUNSON ("Plaintiff"), by and through her attorneys, Kay Griffin PLLC, for her Complaint against defendants Capitol CMG, Inc., David C Cook d/b/a Integrity Music ("Integrity Music") and Osinachi Kalu Okoro Egbu p/k/a "Sinach" (collectively, "Defendants") for copyright infringement for their unauthorized exploitation of Plaintiff's original work, as alleged more fully below. Defendants have violated and continue to violate 17 U.S.C. §§ 101 et seq., through their unauthorized use of Plaintiff's work. Plaintiff alleges the following claims against Defendants.

**JURISDICTION AND VENUE**

1. This court has personal jurisdiction over Defendants because, on information and belief, Integrity Music and Capitol CMG, Inc. conduct business within the State of Tennessee and in this judicial district, and Defendant Osinachi Kalu Okoro Egbu p/k/a "Sinach" (hereinafter, "Sinach") resides and is domiciled in the nation of Nigeria but does business in

Tennessee through her agents, Integrity Music and Capitol CMG, Inc.

2. This court has jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1331, 1332(a) and 1338(a).

3. Venue is proper in this district under 28 U.S.C. § 1400(a) because Integrity Music maintains offices at 1646 Westgate Cir., Suite 106, Brentwood, Tennessee 37027, in this district. Venue is also proper in this district under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## THE PARTIES

4. Plaintiff Lisa Brunson ("Brunson") is an individual citizen of the United States who resides in Louisville, Kentucky. Plaintiff is a local congregational worship leader who has been employed as a music director at a number of congregations around the United States having spent years developing her craft as a performer and song writer, and who now travels as a musician and congregational worship leader.

5. Defendant Osinachi Kalu Okoro Egbu p/k/a "Sinach" is a gospel music performer with over 30 years of international performance experience.

6. Defendant Integrity Music is a registered d/b/a of David C Cook, a multi-million-dollar non-profit organization with its principal place of business in Illinois. David C Cook is registered to do business in Tennessee. Integrity Music is one of the publishing administrators for the song in this case.

7. Capitol CMG, Inc. is one of the publishing administrators for the song at issue in this case and is a California corporation. It is registered to do business in Tennessee.

## FACTUAL BACKGROUND

8. On or around April 7, 2016, Defendant Osinachi Kalu Okoro Egbu debuted the song "Waymaker" on an independent release from Nigeria, then subsequently on November 21, 2016, and again on March 27, 2019. Each of her recordings embodying the composition includes a verse, a chorus, and a bridge (the "Original Composition").

9. The Original Composition was mostly unknown outside of Sinach's not insignificant fan base.

10. The Original Composition did not appear on any music charts or make any significant impact in the Christian music community.

11. In June 2017, Brunson was in Louisville, Kentucky leading congregational worship, during which she created an entirely new lyric and melodic composition. The lyric element is composed of 78 words, some words repeating.

12. The new composition is as follows:



(hereinafter, "Plaintiff's Copyrighted Work").

13. The Plaintiff's Copyrighted Work is wholly original, and Plaintiff is the exclusive owner of all rights, title, and interest, including all rights under copyright in the Plaintiff's Copyrighted Work. Plaintiff's Copyrighted Work is the subject of Copyright Registration number PAu004024415 (registered May 12, 2020).

14. Subsequently, Plaintiff incorporated the Plaintiff's Copyrighted Work into the Original Composition. She removed the original bridge and inserted the Plaintiff's Copyrighted Work in its place (the "New Work").

15. Plaintiff performed the New Work in June 2017 and again in August 2017 at World Harvest Church in Columbus, Ohio; that performance currently has over 1.8 million views, which was recorded and publicly displayed on YouTube by a third party.[1]

16. Subsequently, the New Work began being copied under the Original Composition name "Waymaker" and spread rapidly through the Christian congregational community, garnering millions of views on YouTube.

17. The New Work was then covered in 2019 by some of the top Christian music artists, including Michael W. Smith, Bethel Music, and Integrity Music artist "Leeland," among others. This put Plaintiff on notice of the infringing acts of Defendants due to the large-scale public releases of the New Work.

18. Upon information and belief, Integrity Music and Capitol CMG, Inc. are the publishing administrators and have allowed the New Work to be exploited by their own artists and others with full knowledge of the existence of the Plaintiff's Copyrighted Work, and accordingly have willfully infringed upon Plaintiff's Copyrighted Work.

19. Upon information and belief, Sinach expressly agreed to the licensing of the New Work with full knowledge that the inclusion of the Plaintiff's Copyrighted Work was thrusting the Original Composition into a new echelon of international renown, and willingly infringed Plaintiff's Copyrighted Work, and continues to infringe upon Plaintiff's Copyrighted Work by receiving revenue, attribution, and notoriety that should rightly flow to Plaintiff.

---

[1] Harvest Music Live, Way Maker at Dominion Camp Meeting 2017 - Harvest Music Live, YouTube, August 4, 2017 (https://www.youtube.com/watch?v=g42HQdbTXoU – last visited December 4, 2020).

20. Although the Plaintiff never authorized such use and commercial exploitation of Plaintiff's Copyright Work, the exploitation has been a tremendous success in the Christian music industry, and concomitantly a financial boon to Defendants.

21. Upon Information and belief, in full knowledge that the Plaintiff's Copyrighted Work was not owned by Defendants, Defendants have been receiving a financial windfall from the New Work, when it was in fact Plaintiff's Copyrighted Work that brought the New Work to the top placement of Christian worship music in 2019 and has again in 2020 garnered at least hundreds of thousands of dollars in publishing royalties, and what will be millions of dollars of revenue, which has thus far been wrongly collected by Defendants in willful denial of Plaintiff's Copyrighted Work.

22. On October 8, 2019, Plaintiff sent a demand letter ("Demand Letter") to Defendants requesting their proportional income stream from the New Work. (Demand Letter attached hereto as **Exhibit A**.)

23. Defendant Integrity's response to the Demand Letter was first, that it was representing Sinach and itself, and second, the Plaintiff's Copyrighted Work is considered a "prayer language" and thus not registerable, and accordingly Plaintiff's Copyrighted Work would be given no proportional share.

24. All of the claims asserted herein arise out of and are based on Defendants' joint copying, reproduction, distribution, public display, licensing and sale of the Plaintiff's Copyrighted Work without Plaintiff's consent. Plaintiff sues for copyright infringement under the United States Copyright Act of 1976, as amended (the "Copyright Act"), 17 U.S.C. § 101 *et seq*.

25. Plaintiff seeks all remedies afforded by the Copyright Act, including an accounting, and preliminary and permanent injunctive relief, as well as Plaintiff's damages and Defendants' profits from Defendants' willfully infringing conduct, as well as punitive damages for willful infringement and other monetary relief.

## DEFENDANTS' INFRINGING CONDUCT

26. On information and belief, Defendants are engaged in the exploitation of the Plaintiff's Copyrighted Work.

27. Upon information and belief, Defendant Integrity has caused to be published, reproduced, publicly displayed, distributed, licensed, and sold the Plaintiff's Copyrighted Work by engaging, facilitating, and promoting the use of the Copyrighted Work. Attached hereto as **<u>Exhibit B</u>** is a photograph depicting Integrity Music's audacious post-demand promotion of the Plaintiff's Copyrighted Work on its website's home page, displaying the New Work and consequently the unauthorized and unlawful use of the Plaintiff's Copyrighted Work. Attached hereto as **<u>Exhibit C</u>** is a photograph depicting Plaintiff's lyrics over the top of Integrity's Facebook post displaying a portion of the lyric of the New Work.

28. Upon information and belief, Defendant Sinach has caused to be published, reproduced, publicly displayed, distributed, licensed, and sold the Plaintiff's Copyrighted Work by engaging, facilitating, and promoting the use of Plaintiff's Copyrighted Work.

29. Defendants' use of the Plaintiff's Copyrighted Work is without Plaintiff's authorization or consent, and without any compensation to Plaintiff.

30. Since Defendants began exploiting the Plaintiff's Copyrighted Work, it has been displayed over **<u>one hundred million times</u>** through various artists via online streaming and

video services, including but not limited to YouTube, Facebook, Spotify, Apple Music and others. On information and belief, Defendants continue to actively exploit Plaintiff's Copyrighted Work, solicit further licensing deals for Plaintiff's Copyrighted Work, and receive substantial revenue streams from Plaintiff's Copyrighted Work.

31. On information and belief, Defendants' wholesale copying and exploitation of the Plaintiff's Copyrighted Work was willful, and in disregard of, and with indifference to, the rights of Plaintiff. On further information and belief, Defendants' intentional, infringing conduct was undertaken to reap the artistic benefit and value associated with the Plaintiff's Copyrighted Work. By failing to obtain Plaintiff's authorization to use the Plaintiff's Copyrighted Work and to compensate Plaintiff for the use, Defendants have avoided payment of license fees and other financial costs associated with obtaining permission to exploit the Plaintiff's Copyrighted Work, as well as the restrictions that Plaintiff is entitled to and would place on any such exploitation as conditions for Plaintiff's permission, including the right to deny permission altogether.

32. To date, Plaintiff has received no adequate response to her Demand Letter and, after reasonable inquiry, has no evidence that Defendants have complied with the demands set out in Plaintiff's counsel's Demand Letter.

33. As a result of Defendants' actions described above, Plaintiff has been directly damaged, and is continuing to be damaged, by the unauthorized reproduction, publication, distribution, public display, and sale of the Plaintiff's Copyrighted Work. Defendants have never accounted to or otherwise paid Plaintiff for their use of the Plaintiff's Copyrighted Work.

34. Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law.

# COUNT ONE
## FEDERAL COPYRIGHT INFRINGEMENT (INTEGRITY AND CAPITAL CMG)
### (17 U.S.C. § 501)

35. Plaintiff repeats and realleges paragraphs 1 through 34 hereof, as if fully set forth herein.

36. The Plaintiff's Copyrighted Work is an original lyrical and melodic composition containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et seq*. Plaintiff is the exclusive owner of rights under copyright in and to the Plaintiff's Copyrighted Work.

37. Through the conduct of Integrity and Capitol CMG, Inc. alleged herein, including their actual and facilitated reproduction, distribution, public performance, and sale of the Plaintiff's Copyrighted Work without Plaintiff's permission, Integrity and Capitol CMG, Inc. have directly infringed Plaintiff's exclusive rights in the Plaintiff's Copyrighted Work in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

38. On information and belief, Integrity and Capitol CMG, Inc.'s infringing conduct alleged herein was and continues to be willful and with full knowledge of Plaintiff's rights in the Plaintiff's Copyrighted Work, and has enabled Defendants immorally and illegally to obtain profit therefrom.

39. As a direct and proximate result of the infringing conduct of Integrity and Capitol CMG, Inc. alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of profits attributable to the infringing conduct alleged herein, including from any and all licensed amounts, royalties on publishing, and sales of the Plaintiff's Copyrighted Work and products

incorporating or embodying the Plaintiff's Copyrighted Work, and an accounting of and a constructive trust with respect to such profits.

40. Plaintiff is further entitled to punitive damages for the willful infringing conduct of Plaintiff's Copyrighted Work that Integrity and Capitol CMG, Inc. have infringed, and for such other amount as this Court may find proper.

41. As a direct and proximate result of the infringing conduct of Integrity and Capitol CMG, Inc. alleged herein, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. On information and belief, unless the infringing conduct is enjoined by this Court, Defendants will continue to infringe the Plaintiff's Copyrighted Work. Plaintiff therefore is entitled to preliminary and permanent injunctive relief restraining and enjoining the ongoing infringing conduct.

## COUNT TWO
## CONTRIBUTORY AND VICARIOUS COPYRIGHT INFRINGEMENT (INTEGRITY AND CAPITAL CMG)

42. Plaintiff realleges and incorporates by reference each and every allegation contained in the paragraphs above with the same force and effect as if said allegations were fully set forth herein.

43. Integrity and Capitol CMG, Inc. directed, supervised, and/or controlled the infringing activity discussed herein, including the use and exploitation of Plaintiff's Copyrighted Work.

44. Integrity and Capitol CMG, Inc. also had a direct financial interest in, and stood to gain a direct financial benefit from, the activity alleged herein while declining to exercise a right to stop or limit it.

45. By engaging in the illegal conduct alleged above, in addition to directly

organizing and effectuating such infringing activities, Integrity and Capitol CMG, Inc. also induced, caused, and materially contributed to infringing conduct by others, including the other Defendants, Leeland, Mandisa, and Michael W. Smith.

## COUNT THREE

## VICARIOUS COPYRIGHT INFRINGEMENT (SINACH)

46. Plaintiff realleges and incorporates by reference each and every allegation contained in the paragraphs above with the same force and effect as if said allegations were fully set forth herein.

47. Sinach had a direct financial interest in, and stood to gain a direct financial benefit from, the activity alleged herein while declining to exercise a right to stop or limit it.

## COUNT FOUR

## VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT (INTEGRITY AND CAPITAL CMG)

48. Plaintiff realleges and incorporates by reference each and every allegation contained in the paragraphs above with the same force and effect as if said allegations were fully set forth herein.

49. It is a violation of § 1202 of the Digital Millennium Copyright Act ("DMCA") to knowingly provide false copyright management information.

50. With full knowledge of Plaintiff's rights in and to Plaintiff's Copyrighted Work, Integrity Music and/or Capitol CMG, Inc., posted and/or allowed or caused to be posted Leeland's version of the New Work on YouTube and provided (and continues to provide) the following false copyright management information: "© 2016 Sinach (adm at CapitolCMGPublishing.com, excluding the UK & Europe which is adm by Integrity Music)". This video has nearly 45 million views. Integrity Music and/or Capitol CMG, Inc. did so again

on November 1, 2020 with the video titled, "Leeland, Sinach & Mandisa - Way Maker | Live From The Dove Awards 2020." Although Plaintiff's Copyrighted Work does not appear in the audio of the video, the lyrics of Plaintiff's Copyrighted Work are printed below the video and above the false copyright management information. Sinach performs in the video.

51. Integrity and/or Capitol CMG, Inc. engaged in the foregoing acts knowing or having reasonable grounds to know, that the provision and maintenance of this false copyright management information will aid infringement.

**WHEREFORE**, Plaintiff requests judgment against Defendants as follows:

1. That Defendants have violated Section 501 of the Copyright Act (17 U.S.C. § 501) and § 1202 of the Digital Millennium Copyright Act.

2. That Plaintiff would be paid her proportional share of revenue stemming from the New Work.

3. Granting an injunction preliminarily, and permanently enjoining the Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, from:

   a. distributing or authorizing any third party to distribute any monies related to the Plaintiff's Copyrighted Work and immediately ceasing the development of any products, works, or other materials that include, copy, are derived from, or otherwise embody the Plaintiff's Copyrighted Work; and

b. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraph (a).

   4. Granting an injunction preliminarily, and permanently enjoining any company that distributes publishing revenue to Defendants, to distribute any funds related to the Plaintiff's Copyrighted Work.

   5. That Defendants, at their own expense, be ordered to provide an accounting of Defendants' profits attributable to Defendants' infringing conduct, including Defendants' profits from sales and any other exploitation of the Plaintiff's Copyrighted Work, and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Plaintiff's Copyrighted Work.

   6. Awarding Plaintiff:

   a. Defendants' profits obtained as a result of Defendants' infringing conduct, including but not limited to all profits from licensing, publishing, sales and other exploitation of the Plaintiff's Copyrighted Work and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Plaintiff's Copyrighted Work, or in the Court's discretion, such amount as the Court finds to be just and proper;

   b. damages sustained by Plaintiff as a result of Defendants' infringing conduct, in an amount to be proven at trial;

   c. Statutory damages under Section 1203(c)(3) of the DMCA;

   d. Attorneys' fees under Section 1203(b)(5) of the DMCA;

7. Awarding Plaintiff interest, including pre-judgment and post-judgment interest, on the foregoing sums.

8. Awarding such other and further relief as the Court deems just and proper.

9. A jury of six to try this cause.

Respectfully submitted,

KAY GRIFFIN, PLLC


 s/ Michael A. Johnson
W. W. Frank Wilbert (#23090)
Michael A. Johnson (#30210)
222 Second Avenue North, Suite 340M
Nashville, Tennessee 37201
615-742-4800
Frank.Wilbert@kaygriffin.com
Michael.Johnson@kaygriffin.com
*Attorneys for Plaintiff*