IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LISA BRUNSON, )
)
   Plaintiff, )   NO. 3:20-cv-01056
)
v. )   JUDGE RICHARDSON
)
CAPITOL CMG, INC., et al., )
)
   Defendants. )

## <u>MEMORANDUM OPINION AND ORDER</u>

  Pending before the Court is Defendant Osinachi Kalu Okoro Egbu's ("Defendant" or "Sinach") Motion to Dismiss (Doc. No. 39 at 1, "Defendant's Motion"). Defendant's Motion moves this Court for "an Order, pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, dismissing the Complaint of Plaintiff Lisa Brunson and all claims asserted therein." (Doc. No. 39 at 1). Defendant's Motion is supported by a memorandum of law (Doc. No. 40).

  As just indicated, Defendant's Motion actually contains two motions: (i) a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction ("12(b)(2) motion"); and (ii)  a motion to dismiss for failure to state a claim ("12(b)(6) motion"). Plaintiff responded to Defendant's Motion, (Doc. No. 43), and also filed "Plaintiff's Motion to Conduct Jurisdictional Discovery" (Doc. No. 46, "Plaintiff's Motion").

  For the reasons discussed herein, the Court denies Defendant's Motion with respect to the 12(b)(2) motion—thus mooting Plaintiff's Motion—and the 12(b)(6) motion will remain pending for future decision by the Court.

1

In Defendant's Motion, Defendant alleges that "Plaintiff's complaint must be dismissed because Plaintiff not only lacks any copyright interest in her unauthorized derivative version of Way Maker, but also has infringed Defendants' copyright interest in the original musical composition. Plaintiff's complaint must *also* be dismissed against Sinach because this Court lacks personal jurisdiction over Sinach." Doc. No. 40 at 1. As grounds for its 12(b)(6) motion, Defendant makes her own arguments in support of dismissal for (alleged) failure to state a claim, while also noting that she "joins in the motion by Co-Defendants . . . to dismiss Plaintiff's Complaint pursuant to [Rule] 12(b)(6)." Doc. No. 40 at 13.

The Sixth Circuit has concluded that "[t]he requirement that a court have personal jurisdiction is a due process right that may be waived either explicitly or implicitly. The actions of the defendant may amount to a legal submission to the jurisdiction of the court." *Gerber v. Riordan*, 649 F.3d 514, 518 (6th Cir. 2011) (citing *Days Inn Worldwide, Inc. v. Patel*, 445 F.3d 899, 905 (6th Cir. 2006)). "To waive or forfeit a personal jurisdiction defense, a defendant must give a plaintiff a reasonable expectation that it will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking." *Gerber* 649 F.3d at 519 (citing *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Hous. Metroplex*, P.A., 623 F.3d 440, 443 (7th Cir. 2010)).

Here, Defendant moves to dismiss on the bases of both lack of personal jurisdiction and failure to state a claim. As the latter basis implicates the merits, Defendant well may have waived the right to assert the former basis. *See Boulger v. Woods*, 306 F. Supp. 3d 985, 996 (S.D. Ohio 2018) ("Parties that choose to litigate a case actively on the merits might surrender the right to object to the lack of personal jurisdiction.") (citations omitted). And the Court finds that she has.

In *Boulger*, the defendant raised the defenses of insufficient service of process and lack of personal jurisdiction in his answer then immediately thereafter filed a motion for judgment on the pleadings. In evaluating whether the defendant waived his personal jurisdiction claim, the Court noted that "[a]s pointed out by [the defendant] himself, the Court has no power to render a merits decision if it lacks personal jurisdiction over the defendant. Therefore, by asking the Court to pass on the merits, [the defendant] voluntarily submitted to the jurisdiction of the Court." *Boulger*, 306 F. Supp. 3d at 996 (citations omitted).

The reasoning of a case like *Boulger* is quite sound. The gist of a personal-jurisdiction challenge is that although a court *somewhere* may have the power, consistent with applicable state law and the U.S. Constitution, to adjudicate the plaintiff's claim(s) against the defendant, the court in which the plaintiff filed ("forum court") is not such a court. But if a defendant files an unconditional request for the forum court to rule on the merits (such as a motion under Rule 12(b)(6)), the defendant is taking the position that the forum court *is* such a court—thereby waiving any argument that the forum court is not such a court.

Here, Defendant has waived her defense of lack of personal jurisdiction by asking the Court to rule on the merits in the same motion. This Court cannot countenance Defendant asking the Court simultaneously to find that it lacks jurisdiction—*i.e.*, lacks jurisdiction to rule on the merits—and to rule on that merits that the complaint should be dismissed pursuant to Rule 12(b)(6). By making the latter request, Defendant has affirmatively invoked the jurisdiction of this Court and thus can hardly complain about the Court exercising jurisdiction over her person (or about Plaintiff invoking such jurisdiction).

Things would be different if Defendant had asserted her 12(b)(6) motion conditionally. That is, if she had made clear that she was asking the Court to rule in her favor on the merits under

3

Rule 12(b)(6) *only if* the Court found that it did have jurisdiction over her, the Court would not have found waiver. But Defendant did not in any way indicate that she was asserting the 12(b)(6) motion only conditionally, *i.e.,* conditioned upon the Court denying her 12(b)(2) motion. This makes all the difference on the issue of waiver. The Court would not begrudge Defendant challenging this Court's personal jurisdiction over her —*i.e.*, asserting that any ruling on the merits of Plaintiff's claims against her must come from some *other* court—while simultaneously asserting that *if* (and only if) this Court decides that it does have personal jurisdiction over her (and thus can rule on the merits of the claims against her), *then* the Court should rule on the merits in her favor under Rule 12(b)(6). But Defendant did not do that. Instead, she asserted without any qualification (unconditionally) that this Court should rule in her favor on the merits under Rule 12(b)(6). Such an assertion entails an unqualified request for the Court to assert jurisdiction over the claims against her.

Indeed, Defendant's request for an adjudication on the merits predominates here. Defendant states in the conclusion of her brief in support of Defendant's Motion that she "respectfully requests that Plaintiff's Complaint be dismissed with prejudice under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6)." (Doc. No. 40 at 14). But a dismissal for lack of personal jurisdiction is necessarily a dismissal *not* on the merits and a dismissal "without prejudice." *See Intera Corp. v. Henderson*, 428 F.3d 605, 620–21 (6th Cir. 2005). So Defendant's request is not only flawed in seeking dismissal under Rule 12(b)(2) "with prejudice," but also further indication that she is seeking only relief—dismissal on the merits and with prejudice—that is entirely inconsistent with a challenge to personal jurisdiction. Such challenge is clearly waived here.

Accordingly, Defendant's Motion (Doc. No. 39) is **DENIED IN PART** and **DEFERRED IN PART.** Specifically, Defendant's Motion is (i) denied with respect to its embedded 12(b)(2)

4

motion to dismiss for lack of personal jurisdiction, and (ii) deferred with respect to its embedded 12(b)(6) motion to dismiss for failure to state a claim.

The Court's denial of the 12(b)(2) motion effectively moots Plaintiff's Motion (Doc. No. 46), and that motion thus is **DENIED** as moot.

IT IS SO ORDERED.

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE