IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LISA BRUNSON, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:20-cv-01056 |
| | ) | |
| v. | ) | JUDGE RICHARDSON |
| | ) | |
| CAPITOL CMG, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Osinachi Kalu Okoru Egbu's "Motion for Reconsideration, or, in the Alternative, for Certification for Interlocutory Appeal" (Doc. No. 48, "Motion"), supported by a memorandum of law (Doc. No. 49, "Memorandum in Support"). Via the Motion, the movant ("Sinach") requests the Court to (i) "reconsider its determination . . . that Sinach waived her defense based on personal jurisdiction", or in the alternative (ii) "certify its [ ] Order denying her Motion to Dismiss for lack of personal jurisdiction . . . for interlocutory review under 28 U.S.C. § 1292(b)." Doc. No. 48 at 1. For the reasons discussed herein, Sinach's Motion is **DENIED**.

The Motion relates to this Court's previous Memorandum Opinion and Order (Doc. No. 47, "previous Order") denying one of two different motions—both made in a single filing (Doc. No. 39) styled as a "Motion to Dismiss"—to dismiss her as a Defendant "with prejudice" for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). In its previous Order, the Court found that Sinach waived her personal jurisdiction by unconditionally asking the Court under Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's claims against her on the merits in the same filing (Doc. No. 39) in

1

which she asserted the personal-jurisdiction defense. Sinach did not condition in any way her request for dismissal with prejudice under Rule 12(b)(6); Instead, she asserted 12(b)(2) and 12(b)(6) motions simultaneously, did not condition her request for a ruling under Rule 12(b)(6) upon the Court's denial of her 12(b)(2) motion, and unconditionally asked the Court to dismiss Plaintiff's claims against her *with prejudice*.[1] The Court ultimately concluded that Sinach's unconditional request for adjudication on the merits effectively amounted to a waiver of any challenge to personal jurisdiction.

In her Memorandum in Support, Sinach contends that this Court "failed to consider applicable Federal Rules of Civil Procedure and controlling Sixth Circuit authority in determining that Sinach waived any defense on [sic] personal jurisdiction by joining in Co-Defendants' motion to dismiss for failure to state a claim." Doc. No. 49 at 4. However, Sinach misstates the Court's position as clearly laid out in its previous Order. The Court did not assert that Sinach waived her personal-jurisdiction defense merely by presenting a 12(b)(6) motion (by joining in her co-Defendant's 12(b)(6) motion). Instead, the Court asserted that by asking the Court to rule in her favor under 12(b)(6) *unconditionally*, instead of only alternatively in the event her challenge to personal jurisdiction failed, Sinach waived her personal-jurisdiction defense. The Court stands by its ruling. Nothing in the Motion persuades the Court that its reasoning was wrong or really even addresses the Court's particular reasoning at all.

Sinach notes that "the Federal Rules of Civil Procedure unambiguously provide that '[n]o defense or objection is waived by joining it with one or more other defenses or objections in a

---

[1] As discussed in the previous Order, Sinach's request was flawed because her only relief sought was dismissal of Plaintiff's claim on the merits with prejudice, which is entirely inconsistent with a personal-jurisdiction challenge, thereby adding to the Court's reasoning for finding waiver. Doc. No. 47 at 4.

2

responsive pleading or in a motion' (Fed. R. Civ. P. 12(b)), and affirmatively authorize 'join[ing]' a motion under Fed. R. Civ. P. 12(b) 'with any other motion allowed by this rule' (Fed. R. Civ. P. 12(g)(1))." But that is irrelevant here because the Court did not find that Sinach waived the personal-jurisdiction defense merely by joining it with another defense. The problem was not the joinder of the personal-jurisdiction defense with another defense. The problem was joining the personal-jurisdiction defense with a *particular* other defense (the merits-based defense of failure to state a claim) in a particular way (unconditionally, so as to clearly indicate that the Court should rule on the motion, in Sinach's favor, irrespective of any personal-jurisdiction defense). This particular other defense necessarily *invokes* the presiding court's jurisdiction, inasmuch as it suggests that the Court rule in the defendant's favor on the merits, at least when it is invoked *unconditionally*, and not alternatively (*i.e.*, if and only in the event the court rejects the personal-jurisdiction challenge).

As indicated in the previous Order, if Sinach truly wished to assert the defense of lack of personal jurisdiction, she should have filed her 12(b)(6) motion conditionally *and* made "clear that she was asking the Court to rule in her favor on the merits under 12(b)(6) *only if* the Court found that it did have jurisdiction over her." Doc. No. 47 at 3-4. Because she did not do so, she left the Court with an unqualified request for a dispositive ruling in this case on the merits—something so utterly inconsistent with a complaint about this Court's assertion of personal jurisdiction that the Court could hardly conclude that Sinach ultimately was actually opposing this Court's assertion or not. But whether or not she was serious about this defense, Sinach waived it, as the Court properly found.

Defendant relies primarily on *Blessing v. Chandrasekhar,* 988 F.3d 889 (6th Cir. 2021). In certain particulars, *Blessing* is inapplicable here. It "focuse[s] on whether the defendant's filing of

3

Case 3:20-cv-01056   Document 52   Filed 08/04/21   Page 3 of 9 PageID #: 811

a notice of appearance waived personal jurisdiction." Doc. No. 49 at 6. This question, of course, is not presented here. And *Blessing's* holding that "the district court did not abuse its discretion in holding that [the defendant] had not waived personal jurisdiction through her litigation conduct," 988 F.3d at 900, is not probative of whether this Court abused its discretion in finding that Sinach did waive *her* personal jurisdiction defense through *her* particular conduct. *Blessing* certainly does not stand for the proposition that where a defendant asserts a personal-jurisdiction defense simultaneously with an unconditional request to dismiss for failure to state a claim, that conduct does not waive the personal jurisdiction defense. In fact, *Blessing* indicates the opposite. There the Sixth Circuit concluded:

> The defendant may waive her defense if the district court, after "consider[ing] all of the relevant circumstances," determines that the defendant's litigation conduct gave the plaintiff a "reasonable expectation" that the defendant intended to "defend the suit on the merits" or the conduct "cause[d] the court to go to some effort that would be wasted if personal jurisdiction is later found lacking."

*Blessing*, 988 F.3d at 899 (citation omitted).[2]

Here, the Court evaluated the circumstances and found Sinach's assertion (together with a 12(b)(2) motion) of a 12(b)(6) motion—and, relatedly, her request that the Court dismiss Plaintiff's claims with prejudice—constituted a request that this Court adjudicate the claims against her on the merits. Sinach thereby gave Plaintiff a reasonable expectation that Sinach plans to defend— and indeed already had begun to defend—on the merits. And Sinach's conduct invited the Court to go to some effort that would be wasted if personal jurisdiction is later found lacking. She asked

---

[2] The Court pauses to note that *Blessing* uses the terms "waive[r]" and "forfeit[ure]" interchangeably. This sort of intermingling of these terms is not uncommon. It is axiomatic that there is a technical (and clear) distinction between these two concepts, and in some contexts the distinction is consequential. But the Sixth Circuit in *Blessing* evidently did not see any consequential distinction in the context of waiver (or forfeiture) of a personal-jurisdictional defense, and the Court is content to use the term "waiver" without concern that the instant case may involve notions of "forfeiture" to which the concepts of *Blessing* are inapplicable.

4

only for dismissal with prejudice, a remedy actually available only upon the grant of a 12(b)(6) motion, not a 12(b)(2) motion; she thus suggested that the Court should delve into the 12(b)(6) motion first, which would have been a waste of time had the Court discovered later that personal jurisdiction was lacking and Sinach would have been dismissed without prejudice, for lack of personal jurisdiction, had the Court addressed personal jurisdiction first.

The Court is constrained to respond to a particular remark from Defendant, and it does so not to be flip, but to be as clear as possible about what it is talking about here, since it evidently was unsuccessful in communicating this the first time around. "Indeed, from the outset of this action, Sinach has made clear her position that this Court does not have jurisdiction over her." Doc. No. 49 at 3. To say that this is incorrect is an understatement. Far from making this position clear, Sinach unconditionally presented a motion—effectively requesting that the Court expend substantial judicial resources to decide it—that the Court *could not even decide if it had no jurisdiction over her*. What Sinach made clear, instead, is that she wanted this Court to grant her relief—dismissal with prejudice under Rule 12(b)(6)—far more fulsome than the relief she legally could have received from this Court (dismissal without prejudice) had it lacked personal jurisdiction over her. Sinach did not seem to realize this, as (as noted in the previous Order) she requested that this Court dismiss her under Rule 12(b)(2) and 12(b)(6) *with prejudice*. But rather than being contrite about her failure to grasp this (and attempt to explain why her insistence upon dismissal with prejudice unambiguously indicated to the Court that she was not actually even interested in the only kind of dismissal available for lack of personal jurisdiction in the first place) she has doubled down on her position.

Sinach's other arguments are similarly unpersuasive. She criticizes the Court's reliance on *Boulger v. Woods,* 306 F. Supp. 3d 985 (S.D. Ohio 2018) as persuasive authority, on the grounds

that the defendant's basis for challenging personal jurisdiction was different than Sinach's basis, and the motion for failure-to-state a claim was (unlike in Sinach's case) filed separately from the motion to dismiss for lack of personal jurisdiction. These are immaterial distinctions, however, *Boulger* still clearly supports the notion that a challenge to personal jurisdiction (whatever the grounds) is waived once the defendant (whether in the same filing or separate filing) affirmatively invokes the jurisdiction of the Court to decide the case on the merits by finding that the plaintiff has failed to state a claim.

Sinach also argues:

> *Blessing* clearly establishes that personal jurisdiction "should not be waived unwittingly." 988 F.3d at 898. "Rule 12 was designed to protect parties from the unintended waiver of any legitimate defense or objection." *Id.* at 898-99.

(Doc. No. 49 at 7). The Court does not deny that Sinach was unwitting about the reality that she could not have her cake and eat it too with respect to jurisdiction, and that she did not intend to be unable to have it both ways (with this Court having jurisdiction if it meant ruling on the merits in her favor, but otherwise not having jurisdiction). But what was entirely intentional was her unqualified, unconditional request that this Court *exercise jurisdiction*. When a party wittingly and intentionally *invokes* the Court's jurisdiction as Sinach did, in this Court's view the party certainly has intentionally and wittingly waived personal jurisdiction.

Finally, Sinach says that she "certainly did not authorize counsel to waive this defense, and such a waiver would cause manifest injustice." (Doc. No. 49 at 7). If, as Sinach claims, a waiver of the personal-jurisdiction defense would cause manifest injustice, it certainly follows that this Court's exercise of personal jurisdiction would cause manifest injustice. And yet Sinach sang an entirely different tune in asking this Court to exercise jurisdiction to dismiss the claims against her on the merits, with prejudice. Apparently, her position is that if this Court exercises jurisdiction at

6

her request such that she prevails on the merits, that is justice—but that if this Court exercises jurisdiction and her success is not guaranteed, then that is a manifest injustice. The Court cannot countenance such an argument.

The Sixth Circuit has "recently said that '[d]etermining what constitutes waiver by conduct is more [an] art than a science . . . and there is no bright line rule.'" *Blessing*, 988 F.3d at 896 (quoting *Boulger v. Woods*, 917 F.3d 471, 477 (6th Cir. 2019) (internal citation omitted)). It follows that a district court's ruling on forfeiture of a personal-jurisdiction defense is a matter within its discretion, reversible only upon abuse of that discretion. *Id.* at 899-900. Even if the Court could have, within its discretion, come down the other way on the rather nebulous issue of waiver in this context, the Court does not see how it abused its discretion in recognizing Defendant's request for a ruling on the merits, and for dismissal with prejudice, as effecting waiver of a personal-jurisdiction defense.

The Court understands that Sinach, in retrospect, may not like that she has waived her personal-jurisdiction defense. The Court does not begrudge her that sentiment. But the Court is entitled to begrudge her having the best of both worlds when it comes to this Court's jurisdiction. It is not the Court's fault that she insisted that this Court should exercise personal jurisdiction by ruling in her favor on the merits, and the Court acted well within its discretion in treating this insistence as a waiver of any personal-jurisdiction defense.

As an alternative to her request that the Court reverse its previous Order deeming her challenge to personal jurisdiction waived, Sinach requests that the Court certify its previous Order for interlocutory review pursuant to 28 U.S.C. § 1292(b).[3] Doc. No. 48 at 1. 28 U.S.C. § 1292(b)

---

[3] Sinach does not assert that interlocutory review is alternatively appropriate under the collateral order doctrine. This is just as well. The collateral order doctrine is inapplicable to a denial of a motion to dismiss for lack of personal jurisdiction. *See Turi v. Main St. Adoption Servs., LLP*, 633

7

requires "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Interlocutory appeals "should be sparingly granted and then only in exceptional cases" and should not be granted for mere "collateral" issues. *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993). *Accord In re City of Memphis*, 293 F.3d 345, 349 (6th Cir. 2002). "The party seeking an interlocutory appeal has the burden of showing exceptional circumstances exist warranting an interlocutory appeal." *Gieringer v. Cincinnati Ins. Cos.*, No. 3:08-CV-267, 2010 WL 2572054, at *2 (E.D. Tenn. June 18, 2010). "[D]istrict court judges have broad discretion to deny certification even where the statutory criteria are met." *Wang v. Gen. Motors, LLC*, No. CV 18-10347, 2019 WL 1950185, at *1 (E.D. Mich. May 2, 2019) (quoting *Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 370 (S.D.N.Y. 2008)). This is because, in enacting § 1292(b), "'Congress . . . chose to confer on district courts first line discretion to allow interlocutory appeals.'" *Turi,* 633 F.3d at 504 (quoting *Swint v. Chambers Cnty. Comm'n,* 514 U.S. 35, 47 (1995)).

"A legal question of the type envisioned in § 1292(b), however, generally does not include matters within the discretion of the trial court." *In re City of Memphis*, 293 F.3d at 351 (internal citation omitted). As noted, the ruling in the Court's previous Order was one within the Court's discretion; the question on appeal would be whether the Court abused its discretion under the particular circumstances of this case. So this is not a question of "law" for purposes of Section 1292(b).

---

F.3d 496, 502 (6th Cir. 2011), *abrogated on other grounds by Henry Schein, Inc. v. Archer and White Sales*, 139 S. Ct. 524 (2019). So it follows, in the Court's view, that the collateral order doctrine would not apply to a denial of the opportunity to move for dismissal based on lack of personal jurisdiction.

In addition, it is shear speculation that an immediate appeal of such collateral matter will materially advance the ultimate termination of the litigation against Sinach. Even if she were granted an interlocutory appeal, and prevailed on it such that she would be able to assert her 12(b)(2) motion, she might not prevail on that motion. And even if she did, the dispute reflected in this lawsuit would hardly be terminated in full; claims against two other defendants would remain pending in this Court, and the claims against Sinach could be asserted in some other court.

In the undersigned's experience, it is quite rare for interlocutory review to be granted of a denial of a motion to dismiss under Rule 12(b)(2). The present ruling—that Sinach has waived her right to assert a motion to dismiss under Rule 12(b)(2)—is even further removed from the normal realm of interlocutory appeals. And the Court does not see where Sinach has presented any exceptional reasons for interlocutory review. So even if this Court were inclined to find all requirements of Section 1292(b) satisfied here (which, as noted, the Court does not), it would exercise discretion to decline to certify the instant issue for interlocutory review.

In sum, the Court's previous Order is not well-suited for interlocutory review, and Sinach's request for such review is denied.

## CONCLUSION

Sinach has failed to show the Court that its previous Order was erroneous or that such ruling should be certified for interlocutory review

Accordingly, Plaintiff's Motion (Doc. No. 48) is **DENIED.**

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE