IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| LISA BRUNSON, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:20-cv-01056 |
| | ) District Judge Eli J. Richardson |
| CAPITOL CMG, INC. et al. | ) Magistrate Judge Alistair Newbern |
| Defendants. | ) JURY TRIAL DEMAND |

**PLAINTIFF'S AMENDED
MOTION TO STRIKE EVIDENCE AND/OR RECONSIDER**

Defendants, presumably unknowingly, misrepresented evidence they submitted in connection with their Notice of Motion for Issuance of a Request to the Register of Copyrights. (D.E. 114, 115.) Defendants submitted evidence that they claimed shows the bridge can be downloaded through a "download" button in the "Rod Parsley" app. (D.E. 115 at 8, 17; D.E. 116 ¶ 13, Ex. 12.) The Court relied on this evidence in its order granting Defendants' motion, in part, which order was submitted to the Copyright Office. (D.E.175 at 8, 12-15); *see also id.* at 15 ("Plaintiff implicitly authorized users to download Plaintiff's work via the webpage and app to which the work was posted. Indeed, the work is available on a platform that provides a 'download' button."). However, contrary to Defendants' representation, *no video* is available for download. There is not even a "download" button provided through the app or website at issue, as Defendants claim.

Undersigned counsel conferred with opposing counsel in a good faith effort to resolve this issue but Defendants have refused to withdraw or disaffirm the evidence. Although Defendants'

actions were no doubt unintentional, Plaintiff is compelled to bring this issue to the Court's attention, particularly given the Court relied upon Defendant's "evidence" in its Memorandum.

## Legal Standard

Tenn. Sup. Ct. R. 8, RPC 3.3(g), provides, "A lawyer who, prior to conclusion of the proceeding, comes to know that the lawyer has offered false tangible or documentary evidence shall withdraw or disaffirm such evidence without further disclosure of information protected by RPC 1.6." Relatedly, Rule 3.3(h) requires opposing counsel to "promptly report" to the Court the fact that another lawyer has offered false evidence to the Court. *See also id.* RPC 3.3(c) ("(c) A lawyer shall not affirm the validity of, or otherwise use, any evidence the lawyer knows to be false."); *id.* RPC 3.3 cmt 13 ("If a lawyer comes to know that tangible items or documents that the lawyer has previously offered into evidence have been altered or falsified, paragraph (g) requires that the lawyer withdraw or disaffirm the evidence").[1]

Similarly, N.Y. Rules of Prof. Conduct 3.3(a)(1) and (3) provides:

A lawyer shall not knowingly: . . .

(1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;

(3) offer or use evidence that the lawyer knows to be false. If a lawyer, the lawyer's client, or a witness called by the lawyer has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal.

*See also id.* Rules of Prof. Conduct 3.3 cmt 10 ("A lawyer who has offered or used material evidence in the belief that it was true may subsequently come to know that the evidence is false. .

---

[1] *See also id.* RPC 3.3 cmt. 3 However, an assertion purporting to be on the lawyer's own knowledge, as in an affidavit by the lawyer or in a statement in open court, may properly be made only when the lawyer knows the assertion is true or believes it to be true on the basis of a reasonably diligent inquiry.); N.Y. Rules of Prof. Conduct 3.3 cmt 3 (same).

. . the advocate must make such disclosure to the tribunal as is reasonably necessary to remedy the situation").

Federal Rule 54(b) provides:

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

"The Rule allows district courts to reconsider interlocutory orders and to reopen any part of a case before the entry of a final judgment." *Adkisson v. Jacobs Eng'g Grp., Inc.*, 36 F.4th 686, 694 (6th Cir. 2022).

## **Analysis**

In Defendants' Memorandum of Law in support of their Motion for Issuance of a Request to the Register of Copyrights and in Mr. Slotnick's accompanying Declaration, Defendants represented as follows:

1. "Notably, this particular recording of YNSW was made available for the general public to copy (i.e., to reproduce) through an app with a 'download' button. (See Slotnick Decl. Ex. 12 (screenshot of app with "download button")." (Mem. of Law, D.E. 115 at 8.)

2. "content aired on Rod Parsley TV is also available through an [sic] smartphone app with a 'download' button. (Slotnick Ex. 12). In other words, YNSW was apparently available to be downloaded (i.e., reproduced) by users of the Rod Parsley TV app in November 2017. *See* Slotnick Ex. 11 (screen capture showing that November 8, 2017 sermon was live and available to the public on the website on November 8, 2017)." (Mem. of Law, D.E. 115 at 17.)

3. "Attached hereto as Exhibit 12 is a true and correct copy of a screen capture of the Rod Parsely app showing a 'download button.'" (Decl. of Slotnick, D.E. 116 ¶ 13.)[2]

---

[2] Exhibits 11 and 12 to Mr. Slotnick's Declaration are screen captures from the World Harvest Church website, not from the Rod Parsley application. (D.E. 116-11 and 116-12.)

However, contrary to the above, the "Download Linked File" button depicted in Exhibit 12 to Mr. Slotnick's declaration is ***not*** part of the World Harvest Church website or any associated website or application. (Decl. of Michael A. Johnson, attached hereto as **Exhibit 1**.) It is a system-level menu on iPhone.[3] (*Id.*) Further, critically, the "Download Linked File" button does ***not*** permit the user to download the video as Defendants represented. (*Id.*) Instead, the download consists of a .txt (text) document called "watch."[4] (*Id.*) Inside that document is various text and images from the website, but no video. (*Id.*) A copy of the .txt file is attached to the Declaration of Michael Johnson.

The following depicts, side-by-side, Defendants' Exhibit 12 (left) and a screenshot undersigned counsel took (right). (*Id.*) "Rod Parsley" and the arrow in the top left corner indicates counsel clicked a link in the Rod Parsley application that took counsel to the screen shown—the World Harvest Church website (a non-party website operated by Plaintiff's former employer). (*Id.*) "Whc.life" that appears below "Rod Parsley" indicates we are looking at the whc.life website. (*Id.*)

---

[3] *See also* Download items from the web using Safari on Mac – Apple Support, https://support.apple.com/guide/safari/download-items-from-the-web-sfri40598/mac (last visited May 25, 2023).

[4] *See also* TXT File Extension - What is a .txt file and how do I open it?, FileInfo.com, https://fileinfo.com/extension/txt (last visited May 25, 2023).




The "hide preview" button at the top right indicates we are seeing a preview of the content available at the link on which the user has clicked and "held." (*Id.*) This "preview" window is the only way to see iPhone's system-level "download linked file" button. (*Id.*) Again, if one clicks on the "Download Linked File" button, the filed downloaded is a .txt version of the web page being previewed, *not* a video. (*Id.*) Therefore, Defendants' above-referenced statements and their characterization of this evidence are false. Undersigned counsel has no reason to believe that Defendants *intentionally* offered false evidence. Presumably, they simply saw the "download linked file" button and failed to check the contents of the actual download. If they had done so,

they would have realized that they were making a material misstatement to the Court and offering evidence that simply was not what it purported to be.

After the filing of Plaintiff's original Motion to Strike and/or Reconsider, Defendants' counsel contacted Michael Johnson, counsel for the Plaintiff. Counsel for the Defendants stated that the Defendants are not permitted to file a response under Local Rule 7, and requested that Mr. Johnson attach **Exhibit 2** hereto as an exhibit to an amended motion. In the interest of fairness and transparency, the Plaintiff has included the e-mail. In the email, Defendants contend, "Ms. Brunson's time to contest the validity of that screenshot was then—not a year later after the Court has already issued its Memorandum Opinion." While it is denied that the Plaintiff waived the right to contest the representation made by the Defendants, this misses the point. Like the Court, undersigned counsel reasonably relied on the representations of Defendants' counsel in their Memorandum and in Mr. Slotnick's Declaration (and were entitled to do so) that (1) the bridge "was made available for the general public to copy (i.e., to reproduce) through an app with a 'download' button." (Slotnick Decl. Ex. 12; Mem. of Law at 8); (2) "content aired on Rod Parsley TV is also available through an [sic] smartphone app with a 'download' button." (Mem. of Law at 17); and (3) attached to Mr. Slotnick's declaration as Exhibit 12 was "a true and correct copy of a screen capture of the Rod Parsely app showing a 'download button.'" (Decl. of Slotnick ¶ 13.) It was the duty of Defendants and their counsel, not undersigned counsel or the Court, to ensure the evidence Defendants proffered is accurate. *See* N.Y. Rules of Prof. Conduct 3.3(a)(1) and (3); Tenn. Sup. Ct. R. 8, RPC 3.3(c) and (g). Regardless, as stated above, Plaintiff did not waive this issue, as Defendants appear to argue. Plaintiff made a similar argument in her Response (before learning that Defendants had misrepresented (presumably unintentionally) the evidence at issue):

> Exhibit 12 does not show that the bridge was available for download. The exhibit shows an entirely different sermon from May 11, 2022. There is also no proof of

what this app even is, who created or published it, or how the download function works (i.e., whether the download is "retainable" by the user sufficient to constitute publication), much less that this app or the download function was created with Mrs. Brunson's permission.

(D.E. 134 at 23.)

Finally, Defendants—unable to prove the existence of an actual download or even a download *function*—speculate in the attached email that perhaps the website has changed since they took their screenshots.[5] However, the following screenshot, taken from archive.org (right), shows the website functionality on May 27, 2022 was identical to the present functionality (left):




---

[5] Apparently, Defendants did not retain whatever it is they were able to download. The fact Defendants cannot produce this alleged download should give rise to a spoliation instruction, at a minimum.

(Decl. of Michael A. Johnson ¶ 6, and Ex. B to Decl.)

**Conclusion**

Undersigned counsel does not file this motion lightly. Before filing, the undersigned spoke with Defendants' counsel via phone and requested that Defendants provide documentation supporting the statements and veracity of the evidence above. Defendants have not done so. Therefore, Plaintiff respectfully requests that the Court strike the relevant evidence and revise its order accordingly and grant any other relief the Court deems proper. Simply put, Defendants presented materially inaccurate evidence claiming that video could be downloaded when that was not actually the case. The Court relied on this representation its order.

Respectfully submitted,

s/ Michael A. Johnson

Michael A. Johnson (#30210)
KAY GRIFFIN EVANS, PLLC
222 Second Avenue North, Suite 340M
Nashville, Tennessee 37201
(615) 742-4800
michael.johnson@kaygriffin.com

W. W. Frank Wilbert (#23090)
BUTLER SNOW LLP
150 3rd Avenue South, Suite 1600
Nashville, TN 37201
(615) 651-6767
frank.wilbert@butlersnow.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing motion has been served CM/ECF upon:

    Derek C. Crownover
    Keane A. Barger
    Loeb & Loeb LLP
    35 Music Square East, Suite 310
    Nashville, TN 37069

    Barry I. Slotnick
    Christian D. Carbone
    Sarah Schacter
    Priy Sinha
    Loeb & Loeb LLP
    345 Park Avenue
    New York, New York 10154

on this the 20th day of July, 2023.

                                          s/ Michael A. Johnson