**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| LISA BRUNSON, | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | **No. 3:20-cv-01056** |
| v. | ) | |
| | ) | **District Judge Eli J. Richardson** |
| CAPITOL CMG, INC., DAVID C COOK | ) | |
| d/b/a INTEGRITY MUSIC, and OSINACHI | ) | **Magistrate Judge Alistair Newbern** |
| KALU OKORO EGBU, | ) | |
| | ) | **JURY TRIAL DEMAND** |
|     **Defendants.** | ) | |

---

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

Pursuant to Fed. R. Civ. P. 56, Plaintiff Lisa Brunson submits the following Memorandum of Law in support of her Motion for Partial Summary Judgment:

**I.**     **Introduction**

Mrs. Brunson has asserted the following claims against Defendants arising out of their unauthorized exploitation of her copyrighted bridge: (1) direct, contributory, and vicarious copyright infringement against David C Cook and Capitol CMG, Inc. ("CCMG"); (2) vicarious infringement against Osinachi Kalu Okoro Egbu ("Sinach"); and (3) violation of the Digital Millennium Copyright Act ("DMCA") against David C Cook and CCMG. Mrs. Brunson is entitled to judgment as a matter of law on all of these claims.

With respect to the infringement claims (number 1 and 2, above), Plaintiff's bridge is copyrightable, and it is undisputable that Defendants, both directly and through their agents and administrators, copied, distributed, translated, and recorded Mrs. Brunson's bridge (and authorized

others to do so) in violation of her exclusive rights under 17 U.S.C. § 106. Therefore, Defendants are liable for copyright infringement.

Next, both David C Cook and CCMG have knowingly provided false copyright management information with respect to the bridge in violation of the DMCA.

Finally, Mrs. Brunson is entitled to judgment as a matter of law on Defendants' counterclaims, which are (1) copyright infringement arising from creation of an unauthorized derivative work and subsequent performances of the same in church services (D.E. 66, 67 at 20-22); and (2) declaratory judgment of fraud on the Copyright Office (*id.* at 22-23). First, "performance of a . . . musical work . . . in the course of services at a place of worship or other religious assembly" cannot constitute infringement, and each of the performances at issue took place at a place of worship. 17 U.S.C. § 110(3). Second, the three-year statute of limitations bars Defendants' infringement claim. Third, Defendants' claim for declaratory judgment similarly fails because they cannot prove each of the essential elements of fraud on the Copyright Office. Fourth, alternatively, Defendants' claim for declaratory judgment fails because Plaintiff has obtained a new copyright registration reflecting the bridge as "published," per the opinion of the Register of Copyrights.

## II.    Facts

### A.  "Way Maker" and Mrs. Brunson's Bridge.

Defendant Sinach is a Nigerian recording artist and songwriter. In 2016, Sinach debuted the song "Way Maker" on an independent release from Nigeria. (Sinach Answer ¶ 8, D.E. 68.) "Way Maker" did not become popular in the United States until years later when Defendants began licensing and exploiting the version with Mrs. Brunson's bridge.

For example, in 2020, Christianity Today recognized, " 'Way Maker' didn't take off among American evangelicals until Christian music godfather Michael W. Smith released it as a single in February [of 2019] . . . ." *How 'Way Maker' Topped the US Worship Charts from Nigeria*, Christianity Today, June 12, 2020, https://www.christianitytoday.com/ct/2020/june-web-only/way-maker-worship-song-sinach-leeland-michael-w-smith.html (last visited Dec. 9, 2024). This version included Mrs. Brunson's bridge. In fact, there were four different covers of "Way Maker" featuring Mrs. Brunson's bridge on the charts in 2020—these versions were released by Michael W. Smith, Leeland, Passion, and Mandisa.[1] As of May of 2020, the version of "Way Maker" that includes Mrs. Brunson's bridge had been number one on the Billboard Christian Songwriters Chart in the U.S. for seven consecutive weeks. *See Gospel Singer, Sinach Sets New World Record For Song 'Waymaker',* https://fabwoman.ng/sinach-is-first-african-to-top-billboard-usa-christian-songwriters-chart (last visited Dec. 9, 2024). Sinach has acknowledged the creation of the various covers of "Way Maker" as follows:

> "It's also a privilege to see all these global people creating their versions of the song." . . . "It was special to see all these international acts pick the song up, but importantly **it was going to make me money, nobody says no to good money**. It also made my song chart in the US," she excitedly says.

*Sinach: The makings of an African superstar*, Pulse.ng, Jan. 30, 2021, https://www.pulse.ng/entertainment/music/sinach-tells-pulse-about-christ-embassy-chris-

---

[1] *See There's a Second Version of 'Waymaker' in the Hot Christian Songs Top 10 & That's a First for the Chart*, Billboard, April 9, 2020, https://www.billboard.com/articles/business/chart-beat/9355495/leeland-michael-w-smith-waymaker-hot-christian-songs-chart (last visited Dec. 9, 2024); *Leeland - Way Maker (Official Live Video)*, https://www.youtube.com/watch?v=iJCV_2H9xD0 (last visited Dec. 9, 2024) (over 48 million views); *Michael W. Smith - Waymaker ft. Vanessa Campagna & Madelyn Berry*, Feb. 5, 2019, https://www.youtube.com/watch?v=SE_M9noEhNE (last visited Dec. 9, 2024) (over 38 million views); *Mandisa Way Maker – Lyric Video*, https://www.youtube.com/watch?v=yNAAVPxjxbY (last visited Dec. 9, 2024) (over 1 million views).

oyakhilome-way-maker-her-upcoming-album/w67c6my (last visited Dec. 9, 2024) (emphasis added). Indeed, Michael W. Smith's version, which includes Mrs. Brunson's bridge, has been streamed nearly 45 million times on Spotify.[2] Contrastingly, Sinach's original version never charted in the United States; accordingly, it was Mrs. Brunson's bridge that made the Song into "The Go-To Comfort Song In A Global Pandemic."[3] In fact, one employee of Integrity Music Limited expressly recognized the significance of the bridge, labeling it "**an important part of the song**." (Sept. 17, 2019 Email at Integrity0007012, attached to Pl.'s Mot. as **Exhibit 1**.)

Plaintiff Lisa Brunson is a worship leader and songwriter. In May of 2017, Mrs. Brunson created a new composition—the bridge that is the subject of this case. (Decl. of Brunson, D.E. 111-2.) She performed this bridge as part of "Way Maker" during a worship service. (*Id.*) This bridge is the subject of Copyright Registration number PAu004024415. (Attached to Pl.'s Mot. as **Exhibit 3**.) Plaintiff has only performed the bridge as part of "Way Maker" when she was leading worship.[4] (Decl. of Brunson, D.E. 149-9, Page ID # 5098-99; Decl. of Brunson D.E. 111-2.) Plaintiff did not perform the bridge as part of "Way Maker" after November of 2017. (*Id.*; *see also* Pl.'s Statement of Facts Nos. 6-7.)

---

[2] *See Way Maker* by Michael W. Smith (two versions), Spotify, https://open.spotify.com/track/0hLsDRLsfvwExXMBeDS53k?si=JPDO4ZlkQV20_mTNY68TDg; https://open.spotify.com/track/4tkmm0pdXEZvHscuHWnkqy?si=fV601nk4SQebsllTvwhWbw (showing nearly 45 million streams between the radio and non-radio versions).

[3] *Michael W. Smith's Cover Of 'Waymaker' Becomes The Go-To Comfort Song In A Global Pandemic, Pam Woodsos*, Forbes, https://www.forbes.com/sites/pamwindsor/2020/05/22/michael-w-smiths-waymaker-becomes-the-go-to-comfort-song-during-the-global-pandemic/?sh=65a92d99135d (last visited Dec. 9, 2024).

[4] *See* Harvest Music Live, Way Maker at Dominion Camp Meeting 2017 - Harvest Music Live, YouTube, August 4, 2017, https://www.youtube.com/watch?v=g42HQdbTXoU (last visited Dec. 9, 2024).

**B. Relationships Between David C Cook, CCMG, and Sinach.**

On July 1, 2011, David C Cook and Defendant CCMG entered into an untitled agreement that granted exclusively to CCMG all of Cook's administration rights for "each and every Composition . . . obtained by [Cook] during the Term." (Agreement ¶ 1.01(a)(i), attached to Pl.'s Mot. as **Exhibit 4**.) This is the agreement under which CCMG administered "Way Maker." (Dep. of Kent Draughon, CCMG Rule 30(b)(6) Rep., at 41:6-11, attached to Pl.'s Mot. as **Exhibit 5**.) This agreement expired in 2021, and David C Cook now administers "Way Maker." (Dep. of Mark Nicholas, David C Cook Rule 30(b)(6) Rep., at 58:4-59:2, attached to Pl.'s Mot. as **Exhibit 6**; Dep. of Jonathan Lane at 71:16-18, attached to Pl.'s Mot. as **Exhibit 7**.)

On June 1, 2019, David C Cook and Integrity Music Limited[5] entered into an "Intercompany Agreement," pursuant to which each party agreed "to distribute, sell, license, promote, advertise deal in, support, and market the Products of the Originating Party, as agreed by senior leadership . . . ." (Intercompany Agreement ¶ 2, attached to Pl.'s Mot. as **Exhibit 8**.) This included "agreed music distribution services for Integrity UK in North America." (*Id.*)[6] This is the agreement pursuant to which David C Cook claims to have rights in and to "Way Maker." However, this agreement does not purport to grant any *exclusive* rights to David C Cook, in the U.S. or otherwise. (*Id.*)

---

[5] Integrity Music is a registered d/b/a of David C Cook, a multi-million-dollar non-profit organization. (David C Cook Answer ¶ 6, D.E. 66.) Integrity Music Limited is a U.K. company that is a wholly owned subsidiary of David C Cook. (*See* Intercompany Agreement at 1, attached to Pl.'s Mot. as **Exhibit 8**.) In 2011, Integrity Music Limited was called "Kingsway Communications Limited." (Cert. of Incorporation and Resolution, attached to Pl.'s Mot. as Collective **Exhibit 2**.) In 2015, Kingsway Communications Limited changed its name to Integrity Music Limited. (Id.) Until 2009, Kingsway was "Cook Communications Limited." (*Id.*)

[6] Integrity Music Limited paid David C Cook well over $5 million for royalties, services, and expenses in 2020. *See* 2020 Tax Return, Schedule R, available at https://projects.propublica.org/nonprofits/organizations/366008100 (last visited Dec. 9, 2024).

In July of 2019, Integrity Music Limited entered into a Publishing Administration Agreement with Sinach. (Attached to Pl.'s Mot. as **Exhibit 9**.) Under this agreement, the owner of the copyright in and to "Way Maker" is non-party Integrity Music Limited. (*Id.* ¶ 3.)

### C. Defendants' Unauthorized Exploitation of the Bridge and Admission that They Needed a License from Mrs. Brunson.

Via letter dated October 8, 2019, Mrs. Brunson, through counsel, put Defendants on notice of her ownership of the bridge. (Attached to Pl.'s Mot. as **Exhibit 10**.) Nevertheless, even after receiving this notice, Integrity Music Limited, David C Cook, and CCMG have each issued copyright licenses for the bridge (without Mrs. Brunson's permission), as discussed in detail in Section IV(A), *infra*. These licenses include covers by artists like Michael W. Smith, Mandisa, and Passion, and translations into multiple foreign languages.

Significantly, on February 12, 2020, an employee of CCMG contacted Mrs. Brunson's publishing administrator requesting a license to use the bridge in "Way Maker," stating as follows:

> It was just brought to my attention today that a bridge in a version of a song we release [sic] back in June was written by a writer named Lisa Brumley [sic] – this is for the song Way Maker by Okoro Sinachi, by the way. . . . I can get a request over to you real quick and get it updated in our system if that's the case. I am thinking we may need to do a derivative work agreement but let me know your thoughts on it.

(Attached to Pl.'s Mot. as **Exhibit 11**.) Therefore, Defendants had actual knowledge of the fact that they did not have authority to license or use Mrs. Brunson's bridge, including as part of "Way Maker."

### D. David C Cook and CCMG's Provision of False Copyright Management Information.

There have been over 100 million views of Defendants' content that includes false copyright management information regarding the bridge.

6

On August 30, 2019, on the Brentwood Benson YouTube channel, CCMG posted a cover of "Way Maker" by The Christ Church Choir that includes the bridge.[7] The video provides the following false copyright management information: "Written by Osinachi Okoro". This video has over 1 million views.[8]

On September 24, 2019, David C Cook posted on its Facebook page a video of Leeland's version of "Way Maker" (which includes the bridge):[9]



---

[7] https://www.youtube.com/watch?v=S69RtFf-NhU (last visited Dec. 9, 2024).

[8] According to CCMG, "Brentwood-Benson Music Publications is the print music division of Capitol CMG Publishing. BBMP is home to a vast array of award-winning print music products, as well as the largest choral club in the evangelical church . . . ." About | CCMG Publishing, https://www.capitolcmgpublishing.com/about (last visited Dec. 9, 2024). CCMG was "[b]orn out of the 2013 merging of EMI Christian Music Publishing and Brentwood-Benson Music Publishing . . . ." *Id.*

[9] www.facebook.com/integritymusic/videos/351352392250017 (last visited Dec. 9, 2024).

The video provides the following false copyright management information: "© 2016 Sinach (adm at CapitolCMGPublishing.com, excluding the UK & Europe which is adm by Integrity Music)".[10] This video has nearly 80 million views. The lyrics of the bridge are displayed in the video itself and below the video in the notes.

On March 5, 2020, David C Cook posted a lyric video of Leeland's version of "Way Maker" on YouTube.[11] The lyrics and audio of the bridge are included in this video and the lyrics are included below the video in the notes. The YouTube posting provides the following false copyright management information: "© 2016 Sinach (adm by Integrity Music Europe)". This video has over 1.1 million views.

On March 29, 2020, David C Cook posted on Facebook a cover of "Way Maker" by David Archuleta that includes the bridge.[12]

On April 1, 2020, David C Cook posted a cover of "Way Maker" by Phil Wickham that includes the bridge, and it included the actual lyrics of the bridge in its own re-post of the video, stating: "You never stop working! This is powerful. Thank you Phil Wickham! #Waymaker".[13]

On April 24, 2020, David C Cook posted another version of "Way Maker" that includes the bridge, titled, "Way Maker / Abres Caminos | Phil Thompson, David & Nicole Binion, Daniel Calveti, Ingrid Rosario."[14] The YouTube posting provides the following false copyright management information: "© 2016 Sinach (adm at CapitolCMGPublishing.com, excluding the UK & Europe which is adm by Integrity Music)". This video has over 1.2 million views. The lyrics of the bridge are displayed in the video itself and below the video in the notes.

---

[10] www.youtube.com/watch?v=iJCV_2H9xD0 (last visited Dec. 9, 2024).
[11] www.youtube.com/watch?v=29IxnsqOkmQ (last visited Dec. 9, 2024).
[12] www.facebook.com/integritymusic/posts/10158180749557906 (last visited Dec. 9, 2024).
[13] www.facebook.com/integritymusic/posts/10157984273317906 (last visited Dec. 9, 2024).
[14] www.youtube.com/watch?v=-yPpdnmvMnU (last visited Dec. 9, 2024).

8

On June 5, 2020, David C Cook posted Darlene Zschech and William McDowell's version of "Way Maker" (which includes the bridge) on YouTube and again on its Facebook page.[15] The YouTube posting provides the following false copyright management information: "© 2016 Sinach (adm at CapitolCMGPublishing.com, excluding the UK & Europe which is adm by Integrity Music)". This video has nearly 18 million views. The lyrics of the bridge are displayed in the video itself and below the video in the notes.

There is also a website called "WeAreWorship" that is "owned and operated by Integrity Music a division of David C Cook . . . ." Terms and Conditions, https://www.weareworship.com/legal/terms/ (last visited Dec. 9, 2024). On that website, David C Cook maintains a chord sheet for Leeland's version of "Way Maker," which includes the lyrics and chords for the bridge. (Attached to Pl.'s Mot. as **Exhibit 12**.) The sheet music is for sale on this website. (*Id.*) That webpage attributes the bridge to Sinach and contains the following false copyright management information: "2016 Integrity Music Europe (Admin. by Integrity Music)". Relatedly, on June 23, 2020, David C Cook posted on the WeAreWorship YouTube channel Leeland's version of "Way Maker" that includes the bridge with chords and lyrics featured on the video itself.[16] The YouTube posting provides the following false copyright management information: "Writer: Osinachi Kalu Okoro Egbu Copyright: © 2016 Integrity Music Europe (Admin. by Integrity Music)".

## III.    Legal Standard

Summary judgment under Fed. R. Civ. P. 56 is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

---

[15]   www.facebook.com/integritymusic/videos/1404868913045491 (last visited Dec. 9, 2024); https://www.youtube.com/watch?v=ulFK2tv4GWQ (last visited Dec. 9, 2024).
[16] https://www.youtube.com/watch?v=DoHJs6rUGY8 (last visited Dec. 9, 2024).

law." Fed. R. Civ. P. 56(a). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "At the summary judgment stage, the moving party bears the initial burden of identifying those parts of the record that demonstrate the absence of any genuine issue of material fact." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009).

If the moving party seeks summary judgment on an issue for which it does not bear the burden of proof at trial, however, the moving party may meet its burden by showing "'that there is an absence of evidence to support the nonmoving party's case.'" *Id.* When the moving party has carried this burden, the nonmoving party may not rest upon its allegations and denials, but rather must set forth specific facts showing that there is a genuine issue for trial. *Id.* "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50. "The cornerstone of [appellate] review in copyright infringement cases, just as in other cases, is whether, given the law and evidence presented, a reasonable jury could have found for the non-moving party." *Murray Hill Publ'ns., Inc. v. Twentieth Century Fox Film Corp.*, 361 F.3d 312, 321 (6th Cir. 2004).

## IV. Analysis

### A. Mrs. Brunson is Entitled to Judgment as a Matter of Law on her Infringement Claims.

It is undisputed Defendants, both directly and through their agents, copied, distributed, publicly performed, and exploited the bridge (and authorized others to do so). Defendants have profited from direct infringement while declining to exercise a right to stop or limit it, and have

10

induced and encouraged infringement. Therefore, David C Cook and CCMG are liable for direct, contributory, and vicarious infringement, and all Defendants are liable for vicarious infringement.

### 1. Defendants are Liable for Direct, Vicarious, and Contributory Infringement.

"Copyright infringement is fundamentally [an action] founded on strict liability." *King Records, Inc. v. Bennett*, 438 F.Supp 2d 812, 852 (M.D. Tenn. 2006). "Liability for direct infringement arises from the violation of any one of the exclusive rights of a copyright owner." *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 621 (6th Cir. 2004). The owner of a copyright

> has the exclusive rights to do and to authorize any of the following: "(1) to reproduce the copyrighted work in copies or phonorecords; (2) to prepare derivative works based upon the copyrighted work; (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership . . . .

17 U.S.C. § 106(1)–(3).

One "infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it." *MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005) (citations omitted). Like direct infringement, vicarious infringement is founded on strict liability— one can vicariously infringe "even if the defendant initially lacks knowledge of the infringement." *Id*. at 930 n.9. "[V]icarious liability extends beyond the traditional scope of the master-servant theory. As long as the required elements are present, a defendant may be liable, even in the absence of a traditional employer-employee relationship." *Gordon v. Nextel Communs*., 345 F.3d 922, 925 (6th Cir. 2003) (citation omitted).

"Contributory infringement occurs when one, with knowledge of the infringing activity, induces, causes, or materially contributes to the infringing conduct of another." *Bridgeport Music*, 376 F.3d at 621 (internal citation and quotation marks omitted). "[C]ontributory liability requires

that the secondary infringer 'know or have reason to know' of the direct infringement." *NCR Corp. v. Korala Assocs.*, 512 F.3d 807, 816 (6th Cir. 2008).

### a. David C Cook's Videos, Distribution, and Licensing

David C Cook has extensively copied, distributed, exploited, and monetized the bridge through its YouTube channel, on Facebook, and via WeAreWorship (discussed in Section II(D), *supra*), which renders it liable for direct infringement. 17 U.S.C. § 106(1)–(3).

David C Cook also issued licenses directly to CCMG for "Worship with Mandisa"[17] and to Bethel Music for covers of "Way Maker" that included the bridge, which renders it liable for direct, vicarious, and contributory infringement. (*See* Collectively attached to Pl.'s Mot. as **Exhibit 13**). Notably, the Bethel license was issued in 2021, well after Bethel's version of "Way Maker" that includes the bridge was posted on YouTube, which video has well over 100 million views.[18] Other than the first social media post, all of David C Cook's infringing activity referenced above took place <u>after</u> it was put on notice of Plaintiff's ownership of the bridge in October of 2019. (*See* Demand Letter.)

### b. CCMG's Videos, Distribution, and Licensing

CCMG has copied, distributed, exploited, and monetized the bridge through its Brentwood Benson YouTube channel (discussed in Section II(D), *supra*), which renders it liable for direct infringement. 17 U.S.C. § 106(1)–(3).

---

[17] This renders CCMG liable for direct infringement as well with respect to this version of "Way Maker." *See also* Mandisa – Way Maker (Lyric Video), https://www.youtube.com/watch?v=yNAAVPxjxbY (last visited Dec. 9, 2024).

[18] Way Maker - Paul McClure | Moment, Bethel Music, https://www.youtube.com/watch?v=cHoGEDQQ67o (last visited Dec. 9, 2024) (posted September 23, 2019).

12

CCMG, both directly and through Brentwood Benson, also published and distributed a version of "Way Maker" by Christ Church Choir that includes the bridge. *See* Way Maker (Lyric Video) | Christ Church Choir, https://www.youtube.com/watch?v=-o-TtIkozPc (last visited Dec. 9, 2024); Spotify – Way Maker, Christ Church Choir, https://open.spotify.com/album/00Rta1YY0C67odCWerbed3 (last visited Dec. 9, 2024); (*see also* Email from CCMG to Sinach, attached to Pl.'s Mot. as **Exhibit 14** (seeking license for use of "Way Maker" for Christ Church Choir project).) CCMG also distributed the Mandisa recording (referenced above) and a recording of "Way Maker" that includes the bridge by Passion. *See* Way Maker (Live from Passion 2020), https://www.youtube.com/watch?v=1kBvpS3z9Qo (last visited Dec. 9, 2024); Spotify – Roar (Live From Passion 2020), https://open.spotify.com/album/3TlEGcbneZP4tE2V0dn1em (last visited Dec. 9, 2024) (listing CCMG as distributor and copyright owner).

Additionally, CCMG, on behalf of David C Cook, has issued multiple licenses to third parties authorizing them to record and distribute versions of "Way Maker" that include the bridge, including for the version by Michael W. Smith, which was issued a month *after* the October 2019 demand letter from Mrs. Brunson.[19] (*See* MWS Group Licenses, attached to Pl.'s Mot. as **Exhibit 15**.) The MWS Group licenses require MWS Group to pay royalties to CCMG for use of the "Composition" (as defined therein), which refers to "Way Maker," among others. (*Id.*) Issuance of these licenses (and the collection of royalties thereunder) renders CCMG liable for direct,

---

[19] This license was issued to MWS Group on November 6, 2019, well after the project was released on February 2, 2019 and after Mrs. Brunson's October 2019 demand letter. As such, CCMG knew or had reason to know that the bridge was included in this version of Way Maker and knew that it was contributing to infringement conduct by issuing this retroactive license. *See also* Michael W. Smith - Waymaker ft. Vanessa Campagna & Madelyn Berry, https://www.youtube.com/watch?v=SE_M9noEhNE (last visited Dec. 9, 2024) (lyric video posted on Feb. 5, 2019).

13

contributory, and vicarious infringement because these licenses purported to authorize others to reproduce, prepare derivative works based upon, and distribute copies or phonorecords of the bridge. *See* 17 U.S.C. § 106(1)–(3). This activity also renders David C Cook liable for contributory infringement because it had knowledge of the infringing activity and induced, caused, or materially contributed to the infringing conduct, including by approving translations, fundamental changes, and other licensing under subparagraphs 3.01(i) and (j)(v) of the 2011 Agreement. (Attached to Pl.'s Mot. as **Exhibit 4** ¶¶ 3.01(i) and (j)(v) (requiring David C Cook's approval for fundamental changes to words or music of "Way Maker" and providing that CCMG will use "reasonable efforts" to contact David C Cook for approval of any "Cover Use," defined in 11.02 as "any commercially released fixation of a Composition . . . owing to the direct efforts of CCMG.").) David C Cook also profited from CCMG's direct infringement while declining to exercise a right to stop or limit it, which renders it liable for vicarious infringement. (*Id.*; *see also id.* ¶ 5.01 (providing David C Cook was entitled to a percentage of income from "Way Maker").)

### c. *CCLI Licensing by David C Cook and CCMG*

David C Cook and CCMG registered with Christian Copyright Licensing International ("CCLI"), a third-party music licensing company,[20] a version of "Way Maker" that includes the bridge, thereby authorizing use of this version by third parties and collecting royalties from churches' use. (*See* CCLI Subpoena Production, attached to Pl.'s Mot. as **Exhibit 16**; Dep. of Jonathan Lane at 17:4, 17:23-24, 49:23-51:10 (Senior Director of Music Administration and Contracts at David C Cook d/b/a Integrity describing process by which David C Cook and CCMG

---

[20] Through its "SongSelect" service, CCLI licenses sheet music, chord charts, and lyrics for copyright and public display in church services. *See* SongSelect by CCLI, https://songselect.ccli.com (last visited Dec. 9, 2024).

14

submit lyrics and song information to CCLI).)[21] This conduct constitutes both contributory and vicarious infringement. *See Bridgeport Music, Inc. v. WB Music Corp.*, 508 F.3d 394, 401 (6th Cir. 2007) ("registration of [the song] with [the performing rights organization] induces infringement of [the other song] by inviting people, musical groups, or radio stations to perform or broadcast the song for a fee,' and this could lead to liability as a contributory infringer").

### d. Sinach's Vicarious Infringement and Approval of Bridge Translations.

Sinach is liable for vicarious infringement. Paragraph 4.1 of the Publishing Administration Agreement between Sinach and Integrity Music Limited gives her the right of approval over, among other things, (1) "new adaptations" and "arrangements" of Way Maker, (2) additions and alterations to and deletions from" Way Maker, and (3) new lyrics or lyric translations of Way Maker. (Attached to Pl.'s Mot. as **Exhibit 9**.) And paragraph 8.4 provides that Sinach receives royalties from Way Maker. (*Id.*) As such, Sinach profited from the above infringement while declining to exercise a right to stop or limit it. *Bridgeport Music*, 376 F.3d at 621; *Grokster*, 545 U.S. at 930.

Further, Sinach and David C Cook approved translations of the bridge into multiple languages, including: (1) Italian, (2) Afrikaans, (3) Dutch, (4) German, (5) Hungarian, (6) Korean, (7) Slovenian, (8) Swedish, (9) Swiss-German, and (10) German. Sinach personally approved each of these translations. (*See* WhatsApp Conversation Between Sinach and Mark Nicholas, attached to Pl.'s Mot. as **Exhibit 17**; March 24, 2020 Email with Translations, attached to Pl.'s Mot. as

---

[21] CCLI is one of the top income streams for Way Maker.

**Exhibit 18**.)[22] This conduct constitutes vicarious infringement.[23] Significantly, David C Cook sent translation forms from the United States to foreign countries soliciting translations of "Way Maker," and the form it sent included the bridge. (Email from Shirey Morgan, Sr. Marketing Manager, at INTEGRITY0004421, attached to Pl.'s Mot. as **Exhibit 19**.)

Therefore, David C Cook and CCMG are liable for direct and contributory infringement and all Defendants are liable for vicarious infringement.

### 2. *Mrs. Brunson is Entitled to Copyright Protection in Her Work.*

Generally, to qualify for copyright protection, "some minimal degree of creativity" is required. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co*., 499 U.S. 340, 345 (1991). "To be sure, the requisite level of creativity is extremely low; even a slight amount will suffice. The vast majority of works make the grade quite easily, as they possess some creative spark, 'no matter how crude, humble or obvious' it might be." *Id.* A copyright registration constitutes prima facie evidence of the copyright's validity. *See* 17 U.S.C. § 410(c). "The presumption of validity that follows copyright registration is especially strong on the question of copyrightability, which is squarely within the Copyright Office's expertise." *Singletary Constr., LLC v. Reda Home Builders, Inc*.,

---

[22] In addition to David C Cook being involved directly in the authorization of these translations, foreign translations of "Way Maker" are administered by "agents" of David C Cook in various countries, rendering David C Cook liable for vicarious infringement. (*See* D.E. 100 at 33 (Defendants calling foreign subpublisher an "agent" of Defendant David C Cook); Subpublishing Agreements between David C Cook and various foreign entities, attached to Pl.'s Mot. as **Exhibit 20**.)

[23] This activity also renders David C Cook vicariously liable for the infringing acts of its wholly owned subsidiary, Integrity Music Limited. *See, e.g.*, *Bennett v. Navarre Corp.*, No. 3:07-0200, 2008 U.S. Dist. LEXIS 133091, at *19-21 (M.D. Tenn. Jan. 17, 2008) ("Defendants acknowledge that 'BCI is a wholly-owned subsidiary of Navarre, and Navarre distributed the accused works for BCI.' . . . Navarre is liable, because, even if it was unaware of Plaintiff's rights to the work which BCI infringed, it would be liable as a vicarious as opposed to a contributory infringer.").

16

No. 3:17-cv-374, 2018 U.S. Dist. LEXIS 232091, at *10 (M.D. Tenn. Nov. 7, 2018) (citing 3 Nimmer on Copyright § 12.11).

Mrs. Brunson is the owner of a copyright registration in her bridge. Therefore, she is entitled to a presumption that her bridge is original and copyrightable. In response, Defendants have argued the bridge is derivative of "Way Maker" and, therefore, entitled to no protection. However, the Court has already determined that "Plaintiff's bridge is not a derivative version of Sinach's song." (D.E. 53 at 7); (*see also id.* at 7-8 (citing ordinary listener test and explaining, "a listener who hears Sinach song would not conclude that such song is substantially similar to Plaintiff's bridge. Ergo, Plaintiff's bridge is not derivative of Sinach's song.").)

Even if the bridge were derivative of "Way Maker," it is well established that "[t]he aspects of a derivative work added by the derivative author are that author's property . . . ." *Stewart v. Abend*, 495 U.S. 207, 223 (1990). Under 17 U.S.C. § 103, an author that created a derivative work without permission, <u>still has protection</u> in the derivative work:

> (a) . . . <u>protection for a work employing preexisting material in which copyright subsists does not extend to any part of the work in which such material has been used unlawfully</u>.

> (b) The copyright in a compilation or derivative work extends <u>only to the material contributed by the author of such work</u>, as distinguished from the preexisting material employed in the work, and does not imply any exclusive right in the preexisting material.

(emphasis added). For example, House Report No. 94-1476 on section 103 provides the following illustration: "Thus, an unauthorized translation of a novel could not be copyrighted at all, but the owner of copyright in an anthology of poetry [here, Mrs. Brunson] could sue someone who infringed the whole anthology, even though the infringer proves that publication of one of the poems was unauthorized."

17

As a leading commentator has observed, the effect of 17 U.S.C. § 103 is "to deny copyright to derivative works in which the pre-existing work tends to pervade the entire derivative work." 1 Nimmer on Copyright § 3.06 (emphasis added).[24] Thus, the fact that an author was not authorized to create an allegedly derivative work does not change the analysis unless Defendants prove the original work pervades the entire derivative work. In 2020, the Sixth Circuit adopted this interpretation of section 103, explaining as follows:

> Clockwork asserts that the district court erred by instructing the jury that "[w]here use of unauthorized preexisting material pervades the entire work . . . , copyright protection may not be granted."

> That instruction correctly follows directly from two sections of the Copyright Act. First, section 106 gives the author of an original work the exclusive right to create new works that are derivative of (i.e. "based on") that work. 17 U.S.C. § 106(2). Accordingly, when a person creates a derivative work without the original author's permission, that person has unlawfully used the original work. Second, section 103 provides that a work can be copyrighted even if it unlawfully incorporates preexisting material, but protection for such a work "does not extend to any part of the work in which such material has been used unlawfully." § 103(a). The district court's "pervades" instruction is a logical corollary of these two principles: Hiller would lose all copyright protection in the Guide **only if content from Clockwork's Manuals ran throughout every "part" of the Guide**, or in other words "pervaded" it.

> In most cases regarding derivative works, that instruction would be unnecessary because the determination that a work is derivative would necessarily imply that the preexisting work "pervades" the derivative. *See Pickett v. Prince*, 207 F.3d 402, 407 (7th Cir. 2000) (finding that an original work (the graphic symbol used by the artist Prince) "clearly 'pervade[d]'" two derivative works (guitars that were shaped like that symbol) and noting that "[i]f it did not, the guitars might not be derivative works"). That is, in most cases, a work that "adapts" or "recasts" another work without permission would contain no discrete "parts" that did not unlawfully use the original work.

---

[24] The creator of an authorized derivative work "is entitled to registration as a copyrighted work even though it would infringe the original copyrighted work if it were created without the permission of the owner of copyright in the underlying work." *Eden Toys, Inc. v. Florelee Undergarment Co.*, 697 F.2d 27, 34 (2d Cir. 1982); *see also Dynamic Sols., Inc. v. Planning & Control, Inc.*, 646 F. Supp. 1329, 1340 (S.D.N.Y. 1986) ("if the pre-existing material used without permission 'tends to pervade the entire derivative work,' copyright protection is denied to the derivative work entirely.").

18

> However, <u>because the Guide contains discrete parts, some of which are clearly not based on protected elements the Manuals, the district court properly instructed the jury that it could find that Hiller maintained a copyright in some parts of the Guide even if other parts copied from the Manuals without authorization</u>.

*Hiller, LLC v. Success Grp. Int'l Learning All., LLC*, 976 F.3d 620, 629-30 (6th Cir. 2020) (emphasis added).[25]

"Way Maker" does not "run throughout every part of" Mrs. Brunson's bridge—there are significant differences between the bridge and Way Maker, including rhythm and, critically, lyrics. (*See* Pl.'s Expert Report, attached to Pl.'s Mot. as **Exhibit 21**; *see also* Order at D.E. 53 (finding "[a]n ordinary listener, listening to Sinach's song and Plaintiff's bridge, both independently, would not find these works' aesthetic appeals as the same, especially with them having totally different lyrics and melodies.").) The principal musical similarities Dr. Ferrara identified as overlapping are commonplace, including the chord progression and melodies. (*See* Dep. of Dr. Ferrara at 29:20-30:5, attached to Pl.'s Mot. as **Exhibit 27** (the shared chord progression is "relatively commonplace"); *id.* at 25:17-26:11, 36:3-5 (the notes C-D-E in the "that is who you are" phrase in "Way Maker" and which appear in the bridge at "You never stop, you never stop working" are "commonplace" and "musical building blocks"); *id.* at 13:18-14:14 (admitting four-bar phrases are "relatively commonplace"). There is no evidence that the protectable elements of "Way Maker" pervade Mrs. Brunson's bridge. (*See* Third Mot. in Limine, D.E. 138.) Further, Dr. Ferrara's opinion is merely that "a significant amount of expression derived and evolved from the

---

[25] *See also Bucklew v. Hawkins, Ash, Baptie & Co., LLP*, 329 F.3d 923, 930 (7th Cir. 2003) ("if the original expression added by the unauthorized preparer of a derivative work is clearly detachable from the original work itself, so that no confusion, or disruption of the copyright owner's plans for the exploitation of his work, would be created by allowing the unauthorized preparer to copyright his original expression, the unauthorized preparer might be allowed to do so").

Chorus of ['Way Maker']," not that "Way Maker" runs throughout or pervades the bridge. (D.E. 138-1, Page ID # 4919.)

This case is not like a translation of a novel or the transposition of a song, where the original work would pervade the derivative work. This case is more like the anthology of poems, some of which are authorized and some of which are used without permission, or like the "guide" in *Hiller*. *See* H.R. No. 94-1476. As in *Hiller*, the bridge contains discrete parts, some of which are clearly not based on protected elements in "Way Maker."

Therefore, Mrs. Brunson is entitled to copyright protection for her bridge. And to the extent the Court believes it is a close call, the jury must decide whether "Way Maker" pervades the bridge, as it did in *Hiller*.

**B. Mrs. Brunson is Entitled to Judgment as a Matter of Law on her DMCA Claim.**

It is a violation of § 1202 of DMCA to knowingly provide false copyright management information. 17 U.S.C. § 1202(a)(1) provides as follows: "No person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement— (1) provide copyright management information that is false . . . ." "Copyright management information" includes "[t]he name of, and other identifying information about, the author of a work" or "the copyright owner of the work . . . ." 17 U.S.C. § 1202(c). "While copyright owners must ordinarily register their copyrights before filing a claim of infringement under the Copyright Act, registration is not required to pursue a DMCA claim." *Exec. Corp. v. Oisoon, LLC*, No. 3:16-cv-00898, 2017 U.S. Dist. LEXIS 159922, at *10 (M.D. Tenn. Sep. 28, 2017); *see also I.M.S. Inquiry Mgmt. Sys. v. Berkshire Info. Sys.*, 307 F. Supp. 2d 521, 530 n.9 (S.D.N.Y. 2004) (same); *Diamondback Indus. v. Repeat Precision, LLC*, No. 4:18-CV-902-A, 2019 U.S. Dist. LEXIS 193637, at *3-7 (N.D. Tex. Nov. 7, 2019) (collecting case law and holding a registration is not a perquisite under the plain language of the DMCA).

20

As discussed in Section II(D) *infra*, David C Cook has posted numerous videos containing false copyright management information attributing versions of "Way Maker" containing the bridge solely to Sinach in violation of the DMCA. It did so knowingly at all times after the October 2019 demand letter from Plaintiff's counsel. It also did so with intent to enable and/or facilitate infringement. For example, Leeland's version of "Way Maker," which includes the bridge became the most popular version of the song in the CCLI SongSelect database and the only version included therein "because [CCLI] determined that was the most popular/in-demand and churches were constantly contacting [CCLI] asking why we weren't displaying it." (June 1, 2020 Email from CCLI to David C Cook, attached to Pl.'s Mot. as **Exhibit 22**.) Importantly, immediately beneath the false copyright management information David C Cook posted in connection with each of the videos at issue, David C Cook included the CCLI number for "Way Maker" (7115744) which means it provided false copyright management information intending for third parties to obtain licenses from CCLI to use the version of "Way Maker" that includes the bridge.[26] (*See also* Way Maker – SongSelect, attached to Pl.'s Mot. as **Exhibit 23** (listing CCLI number as 7115744).)

Therefore, Mrs. Brunson is entitled to judgment as a matter of law on her DMCA claim.

### C. Defendants' Counterclaims Fail for Multiple Independent Reasons.

As discussed in Plaintiff's Response to Defendants' Motion for Summary Judgment (D.E. 195), which is incorporated herein by reference: (1) pursuant to 17 U.S.C. § 110(3), Mrs. Brunson's performance of the song during a worship services a worship service cannot constitute infringement; (2) David C Cook and CCMG lack standing; (3) Defendants' infringement claims is barred by the three-year statute of limitations (*see also id.* at Nos. 45-47); and (4) Defendants have not proven fraud on the copyright office, particularly given Defendants have now abandoned

---

[26] www.youtube.com/watch?v=29IxnsqOkmQ (last visited Dec. 9, 2024).

their alleged evidence of a "download" function after Plaintiff discovered that Defendants' representations in this regard were not accurate.

### D. Defendant's Fraud on the Copyright Office Claim is Moot Because, Out of an Abundance of Caution, Plaintiff Has Obtained a New Copyright Registration.

Although Plaintiff continues to dispute that she committed fraud and disputes that the bridge was ever published, in light of this Court's prior ruling (D.E. 175) and the Register of Copyright's opinion filed in this case (D.E. 186-1), Plaintiff has obtained a second copyright registration in the bridge, as a published work, consistent with the Register of Copyright's opinion that the bridge was published on YouTube. (**Exhibit 28**.) Plaintiff continues to maintain that the bridge was not published at the time of her registration and, therefore, filed this new registration only in light of the Register of Copyright's opinion.

### E. Plaintiff's Motions in Limine

Plaintiff's four motions in limine (D.E. 136, 137, 138, 141) were administratively terminated via order entered February 3, 2023 (D.E. 174). That order provides, "The parties may refile these documents upon resolution of the dispositive motions if appropriate." (*Id*.) However, because the substance of those motions bear directly on Plaintiff's instant Motion, Plaintiff incorporates by reference the substance of those four motions.

### V. Conclusion

Therefore, Plaintiff Lisa Brunson respectfully requests summary judgment in her favor, as follows: (1) David C Cook and Capitol CMG, Inc. are liable for direct, contributory, and vicarious copyright infringement; (2) Osinachi Kalu Okoro Egbu is liable for vicarious infringement; and (3) David C Cook and Capitol CMG, Inc. liable for violation of the DMCA, with the issue of damages being reserved for trial; (4) Defendants' counterclaims for copyright infringement and declaratory judgment of fraud on the Copyright Office both fail; (5) alternatively, Defendants'

22

claim for declaratory judgment of fraud on the Copyright Office should be dismissed as moot given Plaintiff's new copyright registration.

Respectfully submitted,

s/ Michael A. Johnson

Michael A. Johnson (#30210)
KAY GRIFFIN EVANS, PLLC
222 Second Avenue North, Suite 340M
Nashville, Tennessee 37201
(615) 742-4800
michael.johnson@kaygriffin.com
*Attorney for Plaintiff*

23

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Memorandum has been served CM/ECF upon:

Derek C. Crownover
Keane Barger
Loeb & Loeb LLP
35 Music Square East, Suite 310
Nashville, TN 37069

Barry I. Slotnick
Christian D. Carbone
Priy Sinha
Loeb & Loeb LLP
345 Park Avenue
New York, New York 10154

on this the 9th day of December, 2024.

s/ Michael A. Johnson