UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LISA BRUNSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:20-cv-01056 |
| | ) | |
| v. | ) | District Judge Eli J. Richardson |
| | ) | |
| CAPITOL CMG, INC., DAVID C COOK d/b/a INTEGRITY MUSIC, and OSINACHI KALU OKORO EGBU, | ) ) ) ) | Magistrate Judge Alistair Newbern |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION PLAINTIFF'S MOTION FOR LEAVE TO FILE PARTIAL MOTION FOR SUMMARY JUDGMENT**

For years, Plaintiff has fought tooth and nail claiming that the original copyright registration (the "Original Registration") upon which this litigation is predicated was valid. She maintained that charade despite the indisputable proof showing that she knowingly submitted false information—including a false publication date and false deposit copy—to the Register of Copyrights (the "Register"). But when confronted with the Register's opinion that the Register would not have issued the Original Registration had she known the true facts (the "Opinion") (Doc. 186)—and with nowhere else to turn—Plaintiff has reversed course and tried to circumvent the Register's Opinion through a backdoor.

More than seven months after the Court reopened this case and Defendants[1] moved for summary judgment, Plaintiff obtained a new copyright registration (the "New Registration") for "You Never Stop Working" ("YNSW") with an effective date of November 7, 2024. (Doc. 208-1 at 2; Doc. 206 at 206 ("Plaintiff has obtained a second copyright registration in the bridge[.]")). That New Registration finally admits that YNSW was, in fact, a published work—directly contrary to the false statements contained in Plaintiff's original application for copyright registration.

Plaintiff now wants to sue based on the New Registration (which is totally separate from the Original Registration) and moves for leave to file a motion for partial summary judgment based on the New Registration. Plaintiff's motion is legally and procedurally improper; granting it would unfairly prejudice Defendants (who have spent years litigating based on the Original Registration) and waste the Court's time.

Under well-established law, the New Registration precludes Plaintiff from moving for summary judgment in connection with the current action because she did not possess the New

---

[1] Defendants are Capitol CMG, Inc. ("CCMG"), David C Cook d/b/a Integrity Music ("Integrity" and, together with CCMG, "Publishers") and Osinachi Kalu Okoro Egbu ("Sinach").

Registration at the time this suit was "instituted," as required by Section 411(a) of the Copyright Act. 17 U.S.C. § 411(a) ("[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."). Because Plaintiff has acquired the New Registration, her pending claims for copyright infringement must be dismissed without prejudice. *See Rawls v. Paradise Artists, Inc.*, No. 3:18-0417, 2020 U.S. Dist. LEXIS 53818, at *14 (M.D. Tenn. Mar. 27, 2020) ("[B]ecause Plaintiff initiated this action without satisfying 17 U.S.C. § 411(a) as to all subject works, [the Court] concludes the action cannot proceed.") (Holmes, M.J.). Therefore, her Motion should be denied.

Moreover, Plaintiff unreasonably delayed in moving for leave to file a renewed motion for partial summary judgment. She filed the Motion

- more than eleven months after the Register issued her Opinion (Doc. 186);

- more than nine months after Defendants moved to reopen the case and renewed their motion for summary judgment (Docs. 187, 188);

- more than nine months after the Court reopened this case "so that the Court can decide Defendants' contemporaneously filed motion for summary judgment[]" (Doc. 191); and

- more than six months since Defendants' pending renewed motion for summary judgment has been fully briefed (Doc. 200).

If Plaintiff intended to renew her motion for partial summary judgment based on the New Registration, she should have asked for leave to do so within a reasonable time after the reopening of the case—not nine months after the fact. At this point, granting Plaintiff leave to move for partial summary judgment would not "serve the overall economy of time and expense for the parties, counsel, and the Court[,]" as Plaintiff claims. (Doc. 204 at 1.) It would, instead, cause unreasonable delay, unnecessary expense, and more work for the Court. It would also improperly reward

2

Plaintiff for using the past nine months to aid her underhanded attempt to circumvent the Register's Opinion, case law, and the Copyright Act.

Defendants respectfully request that the Court deny the Motion.

## BACKGROUND

On December 9, 2020, Plaintiff filed this action for copyright infringement based on the Original Registration. (Doc. 1). CCMG and Integrity asserted a counterclaim against Plaintiff for copyright infringement for the unauthorized use of "Way Maker." (Doc. 161 ¶¶ 13-26; Doc. 162 ¶¶ 13-26.)

The Publishers moved the Court to refer to the Copyright Office the issue of whether the Register would have refused the Original Registration had she known that Plaintiff (1) inaccurately identified YNSW as an "unpublished" work and (2) concealed that YNSW is not a "complete work" by submitting an inaccurate deposit copy. (Doc. 101.)

The deadline for the parties to file dispositive motions was June 24, 2022. (Doc. 107 at 2.) The parties cross-moved for summary judgment on that date. (Docs. 111 and 118.)

On March 28, 2023, the Court issued a Memorandum Opinion. (Doc. 175). The Court concluded (1) that Plaintiff's work was "published within the meaning of the Copyright Act" at the time she submitted her application for the Registration (*id.* at 15, 26) and (2) that "Plaintiff had knowledge of the facts . . . and the law" of the "inaccurate information contained on the application for the copyright registration[,]" (*id.* at 32). However, the Court asked the Register to issue an advisory opinion as to whether she would have registered YNSW had she known the true facts regarding the "publication" issue. (Doc. 175.) Moreover, because "the response of the Register ha[d] the potential to materially affect the parties' arguments and the Court's analysis," the Court denied the pending motions for summary judgment without prejudice to the parties' later renewing

or refiling them, in original or modified form. (Doc. 176.) On January 23, 2024, the Court administratively closed the case "pending receipt of a response from the Register." (Doc. 184.)

On January 29, 2024, the Register submitted her response to the Court's questions. (Doc. 186-1.) The Register held that had the Copyright Office known prior to registration

- that YNSW "had been posted to [Plaintiff's] church/employer's YouTube page at her direction, it would have not have registered it[]";

- that Plaintiff "authorized her employer to share [YNSW] on Twitter and Instagram, it would not have registered it[];" and

- that YNSW "was performed as part of [the version of 'Way Maker' in which the original bridge was replaced with YNSW], streamed online, and subsequently made available for download on a church website, it would not have registered it."

(*Id.* at 12-15.)

On March 22, 2024, Defendants moved to reopen the case and again moved for summary judgment. (Docs. 187, 188.) The Court reopened the case on April 1, 2024, "so that the Court can decided Defendants' contemporaneously filed motion for summary judgment." (Doc. 191.)

Recognizing that the Register's Opinion made clear that the Original Registration is invalid, Plaintiff did not renew her original motion for summary judgment. Instead, on December 9, 2024, more than eleven months after the Register's opinion, Plaintiff sought leave to file a *new* motion for partial summary judgment (Doc 204), based on the fact that she had obtained the New Registration with an effective date of November 7, 2024. (Doc. 208-1 at 2.) In direct contradiction of the Original Registration, the New Registration reflects that YNSW was a published work. (*Id.*)

## **LEGAL STANDARD**

"As justification for filing a motion for partial summary judgment," a party must "demonstrate the specific economy of time and expense for the parties, counsel, and the Court that

4

will result from allowing the motion to be filed." *Sorey v. Wilson Cty. Book Review Comm.*, No. 3:23-cv-00181, 2023 U.S. Dist. LEXIS 142340, at *8 n.6 (M.D. Tenn. Aug. 15, 2023).

## ARGUMENT

Permitting Plaintiff to move for partial summary judgment would unnecessarily increase the time and expense for the parties, counsel and the Court because (1) Plaintiff's claims for copyright infringement based on the New Registration cannot proceed as a matter of law and (2) Plaintiff unduly delayed in filing the Motion.

### I. BECAUSE PLAINTIFF SEEKS LEAVE TO SUE ON A NEW REGISTRATION, SHE CANNOT MOVE FOR SUMMARY JUDGMENT ON HER CLAIMS FOR COPYRIGHT INFRINGEMENT

Granting Plaintiff leave to move for partial summary judgment will not promote the efficiency of this action. The New Registration *precludes* Plaintiff from moving for summary judgment on her existing claims for copyright infringement. Adjudicating the issues raised in Plaintiff's proposed motion for partial summary judgment would be a waste of time and judicial resources when Plaintiff has failed to comply with the Copyright Act's administrative exhaustion requirement set forth in Section 411(a).

Section 411(a) provides that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright has been made in accordance with this title." 17 U.S.C. § 411(a). The Supreme Court has held that "registration is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights." *Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 301 (2019).

A "post-complaint" registration "fails to comply with 17 U.S.C. § 411(a)[]" because, according to the plain language of the statute, no civil action shall be "instituted until" registration of the copyright. *Rawls*, 2020 U.S. Dist. LEXIS 53818, at *12, *14 ("[N]umerous cases decided

5

after *Fourth Estate* hold that an amended complaint cannot fix the defect caused by a claimant's failure to obtain copyright registration prior to filing suit."); *Miller v. Hurst*, No. 3:17-0791, 2020 U.S. Dist. LEXIS 120213, at *11-12 (M.D. Tenn. July 9, 2020) (Holmes, M.J.) ("[A]llowing the claims to proceed, despite successful registration of the associated copyright following commencement of this action, would undermine the objectives animating the *Fourth Estate* holding." (quoting *Rawls*, 2020 U.S. Dist. LEXIS 53818, at *14)). To be clear, Plaintiff is not asking for leave to amend her complaint. She is merely trying to operate as though the New Registration and the Original Registration are interchangeable for purposes of this litigation, when they are, in fact, separate registrations submitted on different dates that contain different representations to the Copyright Office. (*Compare* Doc. 195-3 (Original Registration reflecting that YNSW was unpublished), *with* Doc. 208-1 (New Registration reflecting "August 4, 2017" date)).

When a plaintiff purports to rely on a post-complaint copyright registration to litigate a claim for copyright infringement, the proper remedy is "dismissal of all of [p]laintiff's infringement claims without prejudice[.]" *Rawls*, 2020 U.S. Dist. LEXIS 53818, at *15; *Brooks-Ngwenya v. Thompson*, 202 F. App'x 125, 127 (7th Cir. 2006) (holding that a copyright "suit that is premature because a condition to litigation remains unsatisfied must be dismissed without prejudice.").

Plaintiff did not possess the New Registration when she "instituted" this suit, as required by Section 411(a). Because Plaintiff's copyright-infringement claim based on the New Registration must be dismissed without prejudice, the Court cannot and should not adjudicate Plaintiff's proposed motion for partial summary judgment. Doing so would squander the time and resources of the Court and the parties.

6

## II. PLAINTIFF UNDULY DELAYED IN MOVING FOR LEAVE TO FILE A MOTION FOR PARTIAL SUMMARY JUDGMENT

As set forth above, Plaintiff's deadline to move for summary judgment in this case was over two years ago on June 24, 2022. (Doc. 107 at 2.) Rather than seek leave to renew her previously filed motion for partial summary judgment based on the Original Registration, Plaintiff seeks to file a *new* motion based on the New Registration. Thus, Plaintiff has filed the present Motion over two years too late.

Regardless, even if Plaintiff were seeking to renew her original motion for partial summary judgment, the time to do so was shortly after this Court reopened the case in April 2024. (Doc. 191.) Rather than move promptly to renew or to refile that motion, Plaintiff chose to bide her time—apparently to obtain the New Registration—then file the present Motion. At this point, Plaintiff's motion for partial summary judgment will require additional weeks of briefing, burden the Court with an additional dispositive motion, and delay the resolution of Defendants' renewed motion for summary judgment that has already been pending for over six months.

Moreover, Plaintiff is, in essence, asking this Court to ignore the history of this case and unanimous opinions of the experts (including Plaintiff's own expert) that her "work" cannot exist except as a part of "Way Maker." (*See* Doc. 189 at 12-16.) Plaintiff has not, and cannot, demonstrate that granting the Motion will promote—rather than waste—the time of the parties, counsel, and the Court.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court deny the Motion.

LOEB & LOEB LLP

By: s/ Barry I. Slotnick
    Barry I. Slotnick (admitted *pro hac vice*)
    New York Bar No. 1141753
    Christian D. Carbone (admitted *pro hac vice*)
    New York Bar No. 2825560
    Loeb & Loeb LLP
    345 Park Avenue
    New York, NY 10154
    Tel: (212) 407-4000
    Fax: (212) 407-4900
    bslotnick@loeb.com
    ccarbone@loeb.com

    Derek C. Crownover (BPR No. 16650)
    Keane Barger (BPR No. 033196)
    Loeb & Loeb LLP
    35 Music Square East
    Suite 310
    Nashville, TN 37203
    Tel: (615) 749-8300
    Fax: (615) 749-8308
    kbarger@loeb.com
    dcrownover@loeb.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via the Court's CM/ECF system upon:

Michael A. Johnson (BPR No. 30210)
Kay Griffin, PLLC
222 Second Avenue North
Suite 340-M
Nashville, TN 37201
(615) 742-4800
Fax: (615) 742-4801
michael.johnson@kaygriffin.com

Fred Dalton Thompson III (BPR No. 37904)
Kay Griffin, PLLC
222 Second Avenue North
Suite 340-M
Nashville, TN 37201
(615) 742-4800
Fax: (615) 742-4801
dthompson@kaygriffin.com

on this the 23rd day of December, 2024.

                                          s/ Barry I. Slotnick