IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| LISA BRUNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:20-cv-01056 |
| v. ) | |
| ) | District Judge Eli J. Richardson |
| CAPITOL CMG, INC., DAVID C COOK ) | |
| d/b/a INTEGRITY MUSIC, and OSINACHI ) | Magistrate Judge Alistair Newbern |
| KALU OKORO EGBU, ) | |
| ) | JURY TRIAL DEMAND |
| Defendants. ) | |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE PARTIAL MOTION FOR SUMMARY JUDGMENT**

### Defendants' "Prejudice" Argument

Defendants have never disputed that they used Mrs. Brunson's music without permission, making substantial sums of money off her creative work. Instead, they claim they can continue to willfully infringe because Mrs. Brunson's work is not creative enough, among other arguments.

Now, Defendants attempt to avoid liability by making a "prejudice" argument. First, Defendants claim the parties "have spent years litigating" over the original registration and, without any specifics, make a cursory argument that the new registration somehow substantially changes things. As Defendants well know, it does not. The new registration is identical to the original registration, save for the publication date (D.E. 208), and was only obtained in response to the Register's opinion filed in this case. Of course, if Defendants want to argue that the new registration is somehow substantively different (it is not), they can do so in their response brief. But they have not articulated how they are prejudiced, nor should Mrs. Brunson be forced to respond to this vague argument in the confines of a reply brief.

Second, even though Mrs. Brunson's renewed motion for summary judgment will involve much of the same analysis as Defendants' own pending renewed motion, and even though Defendants *fully briefed* their positions in response to Plaintiff's *nearly identical* first motion for summary judgment,[1] Defendants disingenuously argue that this is a "new motion" and that Plaintiff's motion will be "a waste of time and judicial resources . . . ." Instead, Defendants want the Court to dismiss this case without prejudice, which, as this Court has recognized, "will likely result in a newly filed lawsuit, which will then require the parties to retrace their steps of almost two years only to arrive at essentially the same place." *Rawls v. Paradise Artists, Inc.*, No. 3:18-0417, 2020 U.S. Dist. LEXIS 53818, at *14 (M.D. Tenn. Mar. 27, 2020).[2] "The idea of such procedural hoop jumping certainly offends the Court's sense of judicial economy." *Id.*; *see also id.* (dismissing case rather than only some claims *only because*, to hold otherwise, would have resulted in two lawsuits "involving the same parties and the same underlying set of facts, and no savings of judicial or other resources there either").

Third, again without support, Defendants argue that Plaintiff was required to file her motion by some unspecified date in the past. (D.E. 209 at 7.) This is entirely without merit. The Court instructed in its March 28, 2023 order that any subsequent summary judgment motions should be filed after receipt of the Register's response. (D.E. 176). No deadline was set. While awaiting the Register's response, the Court administratively closed this case. (D.E. 184.) Defendants moved to reopen the case (without any request for a briefing schedule or deadlines).

---

[1] Indeed, the new registration is only referenced on page 22 of the Memorandum. (D.E. 206 at 22.) The remainder of the motion is **_identical_** to Mrs. Brunson's prior filing, focusing on (1) Defendants' acts of infringement, (2) the fact that Defendants' counterclaims fail due to lack of standing, among other deficiencies. Further, the Court's order contemplated that the parties' motion may need to be "updated" depending on the Register's opinion. (D.E. 176 at 2.)

[2] Defendants have not moved for this relief. They simply signaled this as their preferred outcome.

(D.E. 187). The Court granted this request. (D.E. 191.) Mrs. Brunson then obtained the new copyright registration and her renewed motion for summary judgment followed.

## Defendants' Post-Complaint Registration Argument

Defendants argue the new registration somehow invalidates the original registration. (*See* D.E. 209 at 5.) This argument is a strawman. Defendants do not cite a single case supporting their position. The cases upon which Defendants rely all pertain to situations where the plaintiff failed to obtain *any copyright registration whatsoever* before filing suit and then obtained the one and only registration post-complaint. Of course, that is not this situation. In this unique scenario,[3] Plaintiff had a copyright registration when this case was filed (and still does). Defendants then made a section 411(b) argument, and this Court referred the matter to the Copyright Office, which opined, for the first time, that posting a video on YouTube constitutes "publication" under the Copyright Act. Then, in light of this opinion and to avoid having this case dismissed in the event the Court adopts the Register's non-binding opinion, Plaintiff obtained a second registration using the publication date advocated by the Register.[4]

> This is consistent with applicable law, as summarized in the Copyright Compendium:
>
> If the work was unpublished when the application for the basic registration was submitted to the U.S. Copyright Office and then published sometime thereafter, the date of publication cannot be added to the registration record with a supplementary registration. Instead, the applicant should submit a new application for a new basic

---

[3] Undersigned counsel has not located a case factually on-point. However, 37 C.F.R. § 202.3(b)(11) states: "Where a work has been registered as unpublished, another registration may be made for the first published edition of the work, even if it does not represent a new version".

[4] Notably, the Court has not adopted the Register's opinion, nor has the Court ruled in Defendants' favor on their fraud on the Copyright Office claim. The Court's prior holding was simply that Defendants had met their burden to trigger a mandatory request to the Register, not that the registration is invalid: "the Court finds that Defendants have met their burden under 17 U.S.C. § 411 such that the Court must request the Register of Copyrights to advise the Court whether the inaccurate information discussed herein, if known to the Register of Copyrights, would have caused the Register of Copyrights to refuse registration." (D.E. 175 at 37.)

registration for the first published edition of that work (even if the published version "is substantially the same as the unpublished version"). *See* 17 U.S.C. § 408(e); 37 C.F.R. § 202.3(b)(11)(i).

Ordinarily, if the work was published on or before the date that the claim was filed with the Office, and if the applicant mistakenly claimed that the work was unpublished as of that date, the date of publication cannot be added to the registration record with a supplementary registration. Instead, the applicant should submit a new application for a new basic registration using the procedure described in Section 1803 (subject to the limited exception discussed below).

U.S. Copyright Office, *Compendium of Copyright Office Practices* § 1802.7(C) (3d ed. 2021), *available at* https://www.copyright.gov/comp3/chap1800/ch1800-post-registration.pdf (last visited Dec. 30, 2024); *see also* 17 U.S.C. § 408(e) ("Registration for the first published edition of a work previously registered in unpublished form may be made even though the work as published is substantially the same as the unpublished version."); *Madden v. Dreamworks, Ltd. Liab. Co.*, No. 07 CV 5273, 2009 U.S. Dist. LEXIS 150535, at *21-22 (E.D.N.Y. July 2, 2009) (finding both original and corrective registrations valid for the purposes of statutory damages).

Finally, the question of fraud on the copyright office is often a question of fact for the jury.[5] This is particularly true given that, as noted in prior briefing, both the Court and the Register relied on Defendants' proffered false evidence regarding a non-existent "download" function,[6] evidence which Defendants are now no longer relying upon in their pending, renewed motion for summary judgment, undermining Defendants' position that Mrs. Brunson somehow intentionally misled the

---

[5] *See Fashion Ave. Sweater Knits, LLC v. Poof Apparel Corp.*, 2021 WL 1035117 *2 (C.D. Cal. Mar. 5, 2021) (denying summary judgment after receipt of opinion from Register, citing fact questions about validity of registration); *Palmer/Kane LLC v. Gareth Stevens Publ'g*, No. 1:15-cv-7404-GHW, 2017 U.S. Dist. LEXIS 145103, at *41 (S.D.N.Y. Sep. 7, 2017) ("triable issues of fact exist regarding whether Palmer/Kane included inaccurate information on its application . . . with knowledge that it was inaccurate within the meaning of Section 411(b)").

[6] Defendants' spurious, false, and uncivil accusations of being "underhanded" and engaging in a "charade" appear to be mere projection.

Copyright Office. (D.E. 180; *Compare* Statement of Facts at D.E. 120 *with* Statement of Facts at D.E. 190.)[7]

In short, either (1) Plaintiff's first registration is valid, or (2) the first registration is invalid but she can then rely upon her second registration. However, in neither case does Mrs. Brunson lose her remedy. *See also L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 854 (9th Cir. 2012), *as amended on denial of reh'g and reh'g en banc* (June 13, 2012) (finding plaintiff had corrected the registration error of inclusion of previously published works in registration of unpublished collection by filing a supplemental registration).

## Conclusion

Therefore, granting Mrs. Brunson's instant motion will serve the economies of time and expense for the parties, counsel, and the Court. Her Partial Motion for Summary Judgment seeks a ruling on every issue in this case (every claim and counterclaim) other than Mrs. Brunson's damages and, consistent with the parties' prior motions for summary judgment, largely overlaps with Defendants' pending renewed motion, thus making it efficient for the Court to consider both motions concurrently. Further, if successful, Plaintiff's renewed motion will narrow the issues for trial.

---

[7] (D.E. 186-1 at 2) (emphasis added) ("Had the Office known prior to registration that the Work was streamed as part of a large church service **and subsequently available for download on the church's website**, it would have questioned whether Plaintiff authorized such distribution. If she had done so, the Office would have asked her to amend the application and requested a complete copy of the Work as first published."); (D.E. 175 at 15 (emphasis added) ("Therefore, the Court finds that based on the factual record, Plaintiff's work was published within the meaning of the Copyright Act **when it was posted to Rod Parsley TV and made available for download**.")). The Court went on to find that the knowledge element was satisfied because, "**as to the Rod Parsley TV-service**, there is no 'law that is unsettled, conflicting, and confusing' that could have prevented Plaintiff from knowing whether Plaintiff's work was published." (*Id.* at 30 (emphasis added)); (*see also id.* at 7) ("For instance, a work that is expressly authorized for download by members of the public by including a "Download Now" button, is considered published.").) The Court only analyzed YouTube, Instagram, and Twitter in the alternative and thus, in dicta. (*Id.* at 16, 31.)

To countenance Defendants' position would be an incredible waste of judicial resources and would substantially increase the time and expense for the parties, counsel, and the Court, resulting in an inevitable appeal of the dismissal and additional years of litigation in the trial court following the outcome of the appeal in which the parties may have to relitigate everything done to date in this case. As such, Plaintiff respectfully requests that her instant motion be granted, consistent with this Court's prior order granting similar relief (D.E. 122).

Respectfully submitted,

s/ Michael A. Johnson
Michael A. Johnson (#30210)
KAY GRIFFIN EVANS, PLLC
222 Second Avenue North, Suite 340M
Nashville, Tennessee 37201
(615) 742-4800
michael.johnson@kaygriffin.com

*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing reply brief has been served CM/ECF upon:

Derek C. Crownover
Keane Barger
Loeb & Loeb LLP
35 Music Square East, Suite 310
Nashville, TN 37069

Barry I. Slotnick
Christian D. Carbone
Priy Sinha
Loeb & Loeb LLP
345 Park Avenue
New York, New York 10154

on this the 30th day of December, 2024.

                                              s/ Michael A. Johnson