IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LISA BRUNSON, ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | NO. 3:20-cv-01056 |
| v. ) | JUDGE RICHARDSON |
| ) | |
| DAVID COOK d/b/a INTEGRITY ) | |
| MUSIC, CAPITOL CMG, INC. et al., ) | |
| ) | |
| Defendants/Counter-Plaintiffs. ) | |

# ORDER

Pending before the Court is Plaintiff's "Motion for Leave to File Partial Motion for Summary Judgment" (Doc. No. 204, "Motion"), a document of one page's worth of substance filed without any supporting memorandum. Via the Motion, Plaintiff seeks leave to file a proposed motion for partial summary judgment (Doc. No. 205, "proposed summary-judgment motion"), which Plaintiff filed—arguably improperly,[1] and certainly at her peril, since there was absolutely

---

[1] Arguably, when a party requests leave to file something, it should not file it unless and until it obtains the requested leave to do so; otherwise, the filer obtains by *its own action* (of filing) the very thing that the filer ostensibly seeks to obtain via *leave of court*: the filing of the document. Viewed this way, the filing of the document puts the metaphorical cart before the horse. Also, to the extent that the filer's intent is for the court to say to itself in effect, "Gee, the filer already went through all the trouble to prepare this filing, so it would be shame not to consider it," such intent is rather nefarious. On the other hand, the filer could argue that in requesting leave to "file" the document that it is contemporaneously filing, it is actually requesting (instead of leave to file the document) that the Court *consider* the filing on the merits . In addition, the filer could argue that in order to determine whether to consider the filing on the merits, the court needs to actually see the document—which the court will be able to do only if the document is filed.

In short, there is a legitimate question as to whether the proposed summary-judgment motion (Doc. No. 205) should have been filed. Ultimately, though, the Court declines to deem it as improperly filed, while at the same time it renders the filing futile because the Court declines to consider it on the merits. The Court declines to address this issue further herein.

no guarantee that such preparation would not go to waste at least in part[2]—filed separately along with a memorandum in support of the proposed summary-judgment motion (Doc. No. 206). Defendants filed a response in opposition to the Motion (Doc. No. 209), to which Plaintiff filed a reply (Doc. No. 210).

Via, the Motion, Plaintiff requests "permission to file a Partial Motion for Summary Judgment on all issues in this case except damages, which motion [i.e., the proposed summary-judgment motion] has been filed contemporaneously with this Motion." (Doc. No. 204 at 1). Notably, the scope of the proposed summary-judgment motion includes not only Plaintiff's claims (as to liability), but also Defendants' counterclaims; that is, the proposed summary-judgment motion seeks judgment in Plaintiff's favor not only as to liability on her own claims, but also as to Defendant's counterclaims. (Doc. No. 205 at 2).

In support of that request, Plaintiff contends as follows:

> Allowing the Court to consider and rule on the Partial Motion for Summary Judgment will serve the overall economy of time and expense for the parties, counsel, and the Court. Plaintiff's Partial Motion for Summary Judgment seeks a ruling on every issue in this case other than Plaintiff's damages. If successful, Plaintiff's motion will narrow the issues for trial and therefore reduce the time needed for trial.

(Doc. No. 204).

The Court agrees with the following assessment from another district court: "Motions for partial summary judgment are generally disfavored because they are resolved by orders that cannot be appealed until final adjudication. As a result, they are only permitted if they benefit the parties and serve the interest of judicial economy." *Right Way Nutrition, LLC v. Gen. Nutrition Corp.*,

---

[2] Sure to some extent, Plaintiff's counsel's work on the proposed motion for partial summary judgment will aid in Plaintiff's case preparation generally, even though it certainly will go to waste at least in part because the Court is declining to consider it on the merits.

421 F. Supp. 3d 78, 87 (W.D. Pa. 2019) (citing *RePass v. Vreeland*, 357 F.2d 801, 805 (3d Cir. 1966)). *See also, e.g.,* , *Oto Software, Inc. v. Highwall Techs., LLC*, No. 08-CV-01897-PAB-CBS, 2010 WL 3842434, at *22 (D. Colo. Aug. 6, 2010) ("motions for partial summary judgment are disfavored") (citing *Bruschini v. Board of Education of Arlington Central School District,* 911 F. Supp. 104, 106 (S.D.N.Y.1995)), *report and recommendation adopted*, No. 08-CV-01897-PAB-CBS, 2010 WL 3842430 (D. Colo. Sept. 27, 2010). And although it often goes unsaid, the Court enjoys discretion in declining to consider a motion for partial summary judgment on the grounds that such consideration would not promote judicial efficiency. *See, e.g., Harmon v. Shell Oil Co.*, No. 3:20-CV-00021, 2023 WL 8014235, at *4 (S.D. Tex. Nov. 9, 2023) ("The Fifth Circuit has explained that a district court retains discretion to deny a motion for partial summary judgment, even if there are no genuine issues of fact, when the proposed motion does not ultimately advance the ultimate resolution of a case.") (citing *Powell v. Radkins,* 506 F.2d 763, 765 (5th Cir. 1975)), *report and recommendation adopted*, No. 3:20-CV-21, 2025 WL 366296 (S.D. Tex. Feb. 3, 2025).

Here, the Court exercises its discretion to decline to consider the proposed summary-judgment motion. The Court is far from convinced that such consideration would promote judicial efficiency. For one thing, if (as could certainly be the case as far as the Court can tell without having to wade deeply into the proposed summary-judgment motion) that motion could be denied in full, in which case it would not have served in any way to narrow the issues for trial.[3] *Drew v. Ocwen Loan Servicing, LLC, No. 8:14-CV-369-T-26TGW, 2015 WL 12698435, at *1 (M.D. Fla. May 20, 2015)*. For another, the amount of time it very likely will take to resolve the proposed summary-judgment motion is very substantial. By the Court's count, Plaintiff filed 332 pages in

---

[3] Plaintiff effectively acknowledges as much writing, "*If successful*, Plaintiff's motion will narrow the issues for trial and therefore reduce the time needed for trial." (Doc. No. 204 at 1) (emphasis added).

connection with the proposed summary judgment motion, including but not limited to 24 pages of briefing and 28 exhibits.[4] And that, of course, does not include whatever Defendant would file in response and what Plaintiff would file in reply—all of which may narrow the issues for trial only slightly or indeed not at all. The Court declines to gamble with very substantial judicial resources, which are in short supply these days. The Court instead will take its chances that the case will be resolved either short of trial—(something that the Court urges the parties to work toward)—or at an efficient trial.

This leads to the Court's final point in resolving the Motion. The granting of the Motion would not serve to eliminate the trial. Instead, it would result in a trial on damages. Often, evidence and issues related to damages overlap with the issues and evidence on the antecedent question of liability. *See*, *e.g.,* *Mesh Comm, LLC v. E.ON US, LLC,* No. CIV.A. 3:09-CV-641-S, 2011 WL 11563901, at *1 (W.D. Ky. May 10, 2011) (stating that "judicial economy [will not be] served given the overlap between liability and damages-related issues in that case."). The Court does not see why that would not be the case here.

The Court must make one final observation. Whether or not they truly meant to, the fact is that Defendants opposed the Motion in its entirety; This means that Defendants did not concede that the Motion should be granted with respect to Defendants' counterclaims; in other words, they did not concede that the possible resolution of at least Defendants' counterclaims (if not also of Plaintiff's claims as to liability) would promote judicial economy. Defendants' own pending motion for summary judgment (which is not one for mere partial summary judgment) seeks judgment in Defendants' favor not only as to Plaintiff's claims, but also as to Defendants' counterclaims. (Doc. No. 188 at 2). It is not lost on the Court that there *may* be some tension

---

[4] To the extent that Plaintiff might posit that the Court does not actually have to read every page of every exhibit, or at least not every word of every exhibit, that would be slight comfort to the Court.

between (a) Defendants (and the Court) signaling in connection with *Plaintiff's proposed summary-judgment motion* that the potential resolution of Defendants' counterclaims on summary judgment would fail to promote judicial efficiency (because Plaintiff's claims would still remain pending); and (b) Defendants (and the Court) disputing that the Court should forego consideration of Defendants' counterclaims in connection likewise with *Defendants' summary- judgment motion*. The Court has not drawn any conclusions regard the extent of such tension and whether it is resolvable. But it notes that Plaintiff arguably should not be required to respond to Defendants' motion for summary judgment as to Defendants' counterclaims, given that (correctly, the in the view of the Court) the Court upon Defendants' request has denied the Motion and thereby denied Plaintiff the same opportunity (for potential summary judgment) on Defendants' counterclaims that Defendants now seek to capitalize on via Defendants' own summary-judgment motion. For now, the Court declines to address this issue further.

For the reasons set forth above, the Motion (Doc. No. 204) is denied.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE